# STATE OF MICHIGAN

# COURT OF APPEALS

PETER D. O'CONNELL,

        Plaintiff-Appellant,

V

DIRECTOR OF ELECTIONS, BUREAU OF
ELECTIONS, and DEPARTMENT OF STATE,

        Defendants-Appellees.

FOR PUBLICATION
June 23, 2016
9:10 a.m.

No. 332132
Court of Claims
LC No. 16-000038-MB

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Plaintiff appeals as of right the Court of Claims order dismissing his mandamus complaint for want of subject-matter jurisdiction. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The underlying facts are undisputed and are largely a matter of public record. In November 2012, plaintiff was reelected to serve a six-year term as a judge on the Court of Appeals in the fourth district. The term of office to which plaintiff was reelected will expire January 1, 2019. However, because plaintiff will have attained the age of 70 before the general election occurring in November 2018, plaintiff will be ineligible to run for reelection to a new six-year term of office in that seat on the Court.[1] Judge Michael Gadola was appointed to this Court in November 2014 to fill the vacancy left by the resignation of his predecessor, Judge William Whitbeck. Because Judge Whitbeck's term would have expired on January 1, 2017, Judge Gadola is eligible to run for the 2017 to 2023 term as an incumbent judge of the Court. Rather than serving the entirety of his current term of office, plaintiff seeks to be reelected to the Court of Appeals in a different term of office, the 2017 to 2023 term, in other words, in the seat currently occupied by Judge Gadola. Despite the fact that this particular seat on the Court is currently occupied by Judge Gadola, Plaintiff asserts that because he is currently an incumbent judge of the Court of Appeals, he is not required to complete his current term of office, but

---

[1] See Const 1963, art 6, § 19; MCL 168.409b(6).

-1-

instead, may seek to be reelected to the Court for the 2017 to 2023 term of office as an incumbent. Plaintiff filed an affidavit of candidacy pursuant to Const 1963, art 6, § 22 and MCL 168.409b(6), asserting that he "will not have attained the age of 70 years by November 8, 2016," and an affidavit of identity stating that he seeks the office entitled "Judge, Michigan Court of Appeals, Fourth District."

After correspondence between plaintiff and Christopher Thomas, the State of Michigan's Director of Elections, in correspondence dated February 5, 2016, Thomas notified plaintiff that the Bureau of Elections had rejected plaintiff's affidavit of candidacy and affidavit of identity. In additional correspondence dated February 5, 2016, the Secretary of State wrote to plaintiff:

> On this date, the Hon. Peter O'Connell, Judge of the Court of Appeals, tendered an Affidavit of Candidacy and Affidavit of Identity for the purpose of qualifying as a candidate for the office of Judge of the Court of Appeals, 4th District, Regular Term Incumbent Position.
>
> Judge O'Connell's Affidavit of Candidacy and Affidavit of Identity were rejected by the Secretary of State on this date for the reasons stated in a letter from Christopher M. Thomas, Director of Elections to Judge O'Connell dated January 21, 2016.

Following the Secretary of State's rejection of his Affidavit of Candidacy and Affidavit of Identity, plaintiff filed a Verified Complaint for Mandamus, Ex Parte Motion for Order to Show Cause, and Brief in Support of Complaint for Mandamus in the Court of Claims. Relevant to this appeal, plaintiff asserted that the Court of Claims has exclusive jurisdiction over demands for an extraordinary writ against the state, or its departments or officers. In their answer to the complaint, defendants agreed that the Court of Claims had jurisdiction, but also asserted that this Court also had jurisdiction, and that jurisdiction "may be more time-efficient in the Court of Appeals because in election cases, time is of the essence."

The Court of Claims determined that it did not have subject-matter jurisdiction over plaintiff's complaint for a writ of mandamus. Concluding that Const 1963, art 6, § 13 conferred on the circuit courts exclusive jurisdiction to issue prerogative and remedial writs, including writs of mandamus, the Court of Claims ruled that circuit courts held "plenary jurisdiction in matters of mandamus . . . which may not be abrogated by statute." The Court of Claims considered and rejected plaintiff's argument that MCL 600.6419, as amended by 2013 PA 164, extended the Court of Claims' jurisdiction to actions for mandamus. Quoting MCL 600.6419(6), which provides:

> This chapter does not deprive the circuit court of *exclusive* jurisdiction to issue, hear, and determine *prerogative and remedial writs* consistent with section 13 of article VI of the state constitution of 1963. [Emphasis added by Court of Claims.],

the Court of Claims concluded that the Legislature could not delegate the circuit court's constitutional powers, including with respect to prerogative and remedial writs, to the

legislatively-created Court of Claims. The Court of Claims dismissed plaintiff's complaint, and this appeal ensued.

## II. STANDARD OF REVIEW

"A challenge to the jurisdiction of the Court of Claims presents a statutory question that is reviewed de novo as a question of law." *AFSCME Council 25 v State Employees' Retirement Sys*, 294 Mich App 1, 6; 818 NW2d 337 (2011). We also review de novo questions regarding the proper interpretation of our 1963 Constitution. *Mayor of Cadillac v Blackburn*, 306 Mich App 512, 516; 857 NW2d 529 (2014).

## III. PRINCIPLES OF CONSTRUCTION

The issue at bar revolves around the correct interpretation of several statutes and constitutional provisions.

> The primary objective in interpreting a constitutional provision is to determine the text's original meaning to the ratifiers, the people, at the time of ratification. This rule of "common understanding" has been described by Justice Cooley in this way:
>
>> A constitution is made for the people and by the people. The interpretation that should be given it is that which reasonable minds, the great mass of the people themselves, would give it. For as the Constitution does not derive its force from the convention which framed, but from the people who ratified it, the intent to be arrived at is that of the people, and it is not to be supposed that they have looked for any dark or abstruse meaning in the words employed, but rather that they have accepted them in the sense most obvious to the common understanding, and ratified the instrument in the belief that that was the sense designed to be conveyed.
>
> In short, the primary objective of constitutional interpretation is to realize the intent of the people by whom and for whom the constitution was ratified.
>
> This Court typically discerns the common understanding of constitutional text by applying each term's plain meaning at the time of ratification. But if the constitution employs technical or legal terms of art, we are to construe those words in their technical, legal sense. [*Wayne Co v Hathcock*, 471 Mich 445, 468-469; 684 NW2d 765 (2004) (quotations marks, citations, and footnotes omitted).]

"The primary goal of statutory interpretation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 529; 872 NW2d 412 (2015) (quotation marks and citation omitted). "When the language of a statute is clear, it is presumed that the Legislature intended the meaning expressed therein." *Id*. (quotation marks and citation omitted). "[I]f the intent of the Legislature is not clear, courts must interpret statutes in a way that gives effect to every word, phrase, and

clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Haynes v Village of Beulah*, 308 Mich App 465, 468; 865 NW2d 923 (2014).

"Judicial interpretation of statutes should construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature." *Id.* Where there is "tension, or even conflict, between sections of a statute," this Court has a "duty to, if reasonably possible, construe them both so as to give meaning to each; that is, to harmonize them." *Nowell v Titan Ins Co*, 466 Mich 478, 483; 648 NW2d 157 (2002). If the provisions of a statute cannot be entirely harmonized without some violation of the rules of statutory interpretation, the Court should adopt the interpretation that "does the least damage to what otherwise appears to be plain language in the statute[.]" *Niggeling v Dep't of Transp*, 183 Mich App 770, 781; 455 NW2d 415 (1990). "Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Mich Deferred Presentment Servs Ass'n v Comm'r of Office of Fin & Ins Regulation*, 287 Mich App 326, 334; 788 NW2d 842 (2010) (quotation marks and citation omitted). "The object of the *in pari materia* rule is to give effect to the legislative intent expressed in harmonious statutes." *Id.* (quotation marks and citation omitted). "When there is a conflict between statutes that are read *in para materia*, the more recent and more specific statute controls over the older and more general statute." *People v Buehler*, 477 Mich 18, 26; 727 NW2d 127 (2007).

"A general rule of statutory construction is that the Legislature is presumed to know of and legislate in harmony with existing laws." *Herrick Dist Library v Library of Mich*, 293 Mich App 571, 592 n 13; 810 NW2d 110 (2011) (quotation marks and citation omitted). "Statutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

IV. ANALYSIS

Plaintiff argues that the Court of Claims erred by concluding that it lacked subject-matter jurisdiction to hear and decide this matter. Specifically, plaintiff contends that MCL 600.6419, as amended by 2013 PA 164, properly delegates to the Court of Claims jurisdiction over actions for mandamus against state officials and departments. We agree.

Challenges to subject-matter jurisdiction cannot be waived and must be entertained regardless of when they are raised, or even sua sponte. *In re Contempt of Dorsey*, 306 Mich App 571, 581; 858 NW2d 84 (2014); see also *Yee v Shiawassee Co Bd of Comms*, 251 Mich App 379, 399; 651 NW2d 756 (2002) ("[A] court is continually obliged to question sua sponte its own jurisdiction over a person, the subject matter of an action, or the limits of the relief it may afford[.]"); *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 479 n 2; 795 NW2d 797 (2010) (YOUNG J., dissenting) ("All courts 'must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists. . . .' "), quoting *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005) (opinion of TAYLOR, C.J.). "Generally, subject-matter jurisdiction is defined as a court's power to hear and determine a cause or matter. More specifically, subject-matter jurisdiction is the deciding body's authority to try a case of the kind or character pending

before it, regardless of the particular facts of the case." *Dorsey*, 306 Mich App at 581 (citation omitted).

Mandamus is properly categorized as both an "extraordinary" and a "prerogative" writ. MCR 3.301(A)(1)(a); *LeRoux v Secretary of State*, 465 Mich 594, 607; 640 NW2d 849 (2002); *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 519; 810 NW2d 95 (2011). At issue here is whether the Court of Claims can properly exercise subject-matter jurisdiction over such writs when mandamus is sought against a state officer or department.

"The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit." *Dunbar v Dep't of Mental Health*, 197 Mich App 1, 5; 495 NW2d 152 (1992). Conversely, the circuit court is "a court of general equity jurisdiction," *Universal Am-Can Ltd v Attorney General*, 197 Mich App 34, 37; 494 NW2d 787 (1992), and its subject-matter jurisdiction is generally set forth by our 1963 Constitution:

> The circuit court shall have *original jurisdiction in all matters not prohibited by law*; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; *power to issue, hear and determine prerogative and remedial writs*; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; *and jurisdiction of other cases and matters as provided by rules of the supreme court*. [Const 1963, art 6, § 13 (emphasis added).]

MCL 600.605 provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

"Thus, the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives exclusive jurisdiction over the subject matter of the suit to another court." *Teran v Rittley*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 322016); slip op at 4.

Before 1977, the Legislature expressly limited original jurisdiction over mandamus actions against state officers to this Court and our Supreme Court. *Waterford Sch Dist v State Bd of Ed*, 98 Mich App 658, 664-665; 296 NW2d 328 (1980), holding limited by *Wayne Co Chief Executive v Governor*, 230 Mich App 258, 270 (1998); *Schweitzer v Mich State Bd of Forensic Polygraph Examiners*, 77 Mich App 749, 754 n 5; 259 NW2d 362 (1977). But as of January 1, 1997,[2] our circuit courts were granted concurrent jurisdiction over such actions via MCL 600.4401(1), which provides, "An action for mandamus against a state officer shall be commenced in the court of appeals, *or* in the circuit court in the county in which venue is proper

_____

[2] See 1976 PA 317.

*or* in Ingham county, at the option of the party commencing the action." (Emphasis added.) Thus, in isolation, and as the Court of Claims decided, MCL 600.4401(1) seems to indicate that an action for mandamus against a state officer is only properly instituted in this Court or the appropriate circuit court.

Such an interpretation of MCL 600.4401(1), however, fails to harmonize that provision with portions of the Court of Claims act, MCL 600.6401 *et seq.*, specifically MCL 600.6419. In pertinent part, that latter statute provides:

> (1) Except as provided in sections 6421[3] and 6440,[4] the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive. All actions initiated in the court of claims shall be filed in the court of appeals. . . . Except as otherwise provided in this section, the court has the following power and jurisdiction:

> (a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or *any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.*

> * * *

> (6) *This chapter does not deprive the circuit court of exclusive jurisdiction to issue, hear, and determine prerogative and remedial writs consistent with section 13 of article VI of the state constitution of 1963.* [Emphasis added.]

Hence, there is a degree of tension between MCL 600.4401(1) and MCL 600.6419(1)(a). While § 6419 suggests that exclusive jurisdiction over demands for extraordinary writs against the state, its departments or officers rests with the Court of Claims, the former provision, § 4401(1), instructs parties that "[a]n action for mandamus against a state officer" must be "commenced" in

---

[3] Notably, this Court has concluded that § 6421 grants the Court of Claims "exclusive jurisdiction" with respect to any demand for "declaratory or equitable relief" against the state or any of its departments. See, e.g., *Buckner v Dep't of Corrections*, unpublished opinion per curiam of the Court of Appeals, issued June 14, 2016 (Docket No 326564).

[4] Section 6440 provides:

> No claimant may be permitted to file claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts, but it is not necessary in the complaint filed to allege that claimant has no such adequate remedy, but that fact may be put in issue by the answer or motion filed by the state or the department, commission, board, institution, arm or agency thereof.

either this Court or an appropriate circuit court. We conclude that, to harmonize these conflicting provisions, § 6419(1)(a) should be read to expand the original jurisdiction of Court of Claims to include "any demand for an extraordinary writ against the state or any of its departments or officers . . . .," such that the Court of Claims now possesses jurisdiction over mandamus claims that had previously been within the jurisdiction of the circuit court pursuant to MCL 600.4401(1).

In their principal appellate brief, defendants contend that the tension MCL 600.4401(1) and MCL 600.6419(1)(a) is dissipated by properly considering MCL 600.6419(6), which, they argue, reserves for the circuit court "exclusive" jurisdiction over mandamus actions involving state officers—notwithstanding MCL 600.6419(1)(a). In that respect, we find defendants' argument wholly unpersuasive. First, at the time that MCL 600.6419 was enacted, the circuit court did not possess exclusive jurisdiction over mandamus actions involving state officers; rather, it shared concurrent jurisdiction with this Court. 2013 PA 164; MCL 600.4401(1). As such, we cannot accept defendants' proffered construction of MCL 600.6419(6). We cannot construe the phrase "does not *deprive* the circuit court of exclusive jurisdiction" as language affirmatively *conferring* exclusive jurisdiction to the circuit court that it has never possessed. The distinction is subtle, but the phrase "does not *deprive* the circuit court of exclusive jurisdiction" does not assert that the circuit court *has* exclusive jurisdiction. Moreover, Const 1963, art 6, § 13 does not state that the circuit court's jurisdiction is exclusive. Finally, defendants' interpretation of MCL 600.6419(6) would deprive both the Court of Claims and *this* Court of jurisdiction, thereby rendering portions of both MCL 600.4401(1) and MCL 600.6419(1)(a) nugatory.

In recognition of the points immediately above, in their reply brief defendants acknowledge that, "[a]rguably, MCL 600.6419(6) could be read to mean that the Court of Claims Act does not deprive the circuit court of the power to issue those prerogative and remedial writs that it *alone* has the jurisdiction to issue; in other words, it does not deprive the circuit court of the undivided power that it does not share with *any other court* in regard to the issuance of prerogative and remedial writs." But defendants contend that, given the fact that the Legislature is presumed to know the law, it could not have intended the phrase "exclusive jurisdiction" in MCL 600.6419(6) to mean jurisdiction that the Constitution vested in the circuit court *only*. Rather, defendants argue, the Legislature meant that if the circuit court was the only *trial-level* court with jurisdiction over prerogative and remedial writs, such jurisdiction would be transferred away from the circuit court and to the Court of Claims, whereas if the circuit court shared jurisdiction over prerogative and remedial writs with an *appellate* court, it would continue to share that jurisdiction with the appellate court but would not share jurisdiction with the Court of Claims.

Defendants tacitly acknowledge that such an interpretation of MCL 600.6419(6) deviates from the presumption that the Legislature intended the plain meaning conveyed by the plain statutory language. Defendants read into the statute a dual meaning of "exclusive," depending on whether the reference is to exclusive jurisdiction held by the circuit court and the circuit court alone, or exclusive jurisdiction that the circuit court shares with appellate courts. We disagree with this construction as unnecessary to avoid a conflict between the statute and the Constitution.

Const 1963, art 6, § 13 grants the circuit court *original* jurisdiction to issue, hear, and determine prerogative writs, but it does not state that such original jurisdiction is *exclusive*. On the contrary, because the Constitution also grants the Supreme Court power over prerogative writs, and this Court has jurisdiction over prerogative writs pursuant to MCL 600.4401 and Const 1963, art 6, § 10, the circuit court's jurisdiction over such writs is not constitutionally exclusive. Although the Constitution granted to the circuit court jurisdiction over prerogative and remedial writs, the Legislature did not allow the circuit court to exercise that jurisdiction against state officers until it enacted 1976 PA 317. And not only did the 1963 Constitution refrain from granting the circuit court exclusive jurisdiction over claims for prerogative writs against state defendants, it permitted the Legislature to withhold such jurisdiction from the circuit court. Accordingly, MCL 600.6419(1) is not contrary to Const 1963, art 6, § 13. The statute simply does what has always been constitutionally permissible; it delegates away the circuit court's jurisdiction over claims for mandamus and other prerogative writs against certain state defendants. In sum, the circuit court never had exclusive jurisdiction over claims for mandamus against state-level defendants, MCL 600.6419(1) permissibly delegated such jurisdiction to the Court of Claims, and MCL 600.6419(6) did not revoke that delegation of jurisdiction because it was unnecessary to do so.

Although it is not directly on point, we find our Supreme Court's opinion in *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763; 664 NW2d 185 (2003), instructive here. In *Parkwood*, our Supreme Court analyzed the version of MCL 600.6419 in effect before that statute's amendment by 2013 PA 164. In the *Parkwood* version, as in the present version, MCL 600.6419(1) conferred on the Court of Claims the power and jurisdiction "[t]o hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments. . . ." MCL 600.6419(4) then provided that "[t]his chapter shall not deprive the circuit court . . . of jurisdiction over . . . proceedings for declaratory or equitable relief, or any other actions against state agencies based upon the statutes of this state in such case made and provided, which expressly confer jurisdiction thereof upon the circuit court. . . ." *Parkwood*, 468 Mich at 768. The *Parkwood* Court also considered MCL 600.6419a, which, before its repeal by 2013 PA 164, conferred on "the Court of Claims concurrent jurisdiction with the circuit courts over any claim for equitable and declaratory relief that is ancillary to a claim filed under § 6419." *Parkwood*, 468 Mich at 768. At issue in *Parkwood* was whether the Court of Claims had exclusive jurisdiction over the plaintiff's breach of contract claim, when the plaintiff sought declaratory relief only, not a legal remedy. *Id*. at 770-771. The *Parkwood* Court noted that prior decisions by the Supreme Court and this Court had held that complaints seeking only equitable or declaratory relief were within the circuit court's jurisdiction because, when the prior cases were decided, the Court of Claims did not have an equity side. However, following the "abolition of procedural distinctions between the law and equity sides of a court docket," there was no longer a rationale for holding that the Court of Claims had no jurisdiction over claims for equitable relief. *Id*. at 773-774 (citations omitted). The Supreme Court concluded that "[b]ecause the present case involves a contract-based claim for declaratory relief against a state agency . . . it falls within the exclusive jurisdiction of the Court of Claims under the plain language of § 6419(1)(a)." *Id*. at 772. The Court further held that § 6419(4) retained the circuit court's jurisdiction over declaratory claims against the state not arising from breach of contract or tort. *Id*. at 774.

The analysis in *Parkwood* discussing § 6419(1) and former § 6419(4) provides sound guidance for our analysis of the relation between § 6419(1) and present § 6419(6). 2013 PA 164 expanded the Court of Claims's jurisdiction to encompass original jurisdiction of "any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court." In doing so, the Legislature shifted to the Court of Claims power and jurisdiction over mandamus claims against state defendants that had previously been within the circuit court's jurisdiction pursuant to MCL 600.4401(1). Section 6419(6) retains the circuit court's exclusive jurisdiction over the remaining categories of extraordinary writs (e.g., claims against local government officials[5]), but it does not reverse the shift of jurisdiction under § 6419(1).

Our interpretation of § 6419 is consistent with the need to harmonize it with MCL 600.4401(1) under the doctrine of *in pari materia*. The two statutes clearly conflict. But the plain language § 6419(1)(a) specifically addresses the question of precedence, stating that its grant of exclusive jurisdiction is effective "notwithstanding another law that confers jurisdiction of the case in the circuit court." Such language "express[es] a sufficiently clear intent" that, to the extent that § 6419 and MCL 600.4401(1) conflict, the Legislature intended § 6419 to supersede MCL 600.4401(1). See *Ter Beek v City of Wyoming*, 495 Mich 1, 22; 846 NW2d 531 (2014) ("The City contends that the MMMA does not express a sufficiently clear intent to supersede the MZEA, but we see no ambiguity in the MMMA's plain language to this effect."). By holding otherwise, and deciding that it lacked subject-matter jurisdiction to hear and decide this matter, the Court of Claims erred.

## B. MANDAMUS

Despite our "function[] as a court of review that is principally charged with the duty of correcting errors," *Mich Up & Out of Poverty Now Coalition v Michigan*, 210 Mich App 162, 168; 533 NW2d 339 (1995), and the fact that the Court of Claims never ruled on the substantive merits of the parties' respective positions, on appeal plaintiff asks us to decide whether he is entitled to the mandamus relief he sought below. Because the issue was never addressed or decided by the Court of Claims, it is unpreserved, *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005), and we therefore decline to address it, *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994) ("As a general rule, this Court declines to consider an issue that was not decided by the trial court."). See also *In re MS*, 291 Mich App 439, 442; 805 NW2d 460 (2011) ("[W]e will not address constitutional issues when, as here, we can resolve an appeal on alternative grounds.").

---

[5] See generally *Manuel v Gill*, 481 Mich 637; 753 NW2d 48 (2008).

## V. CONCLUSION

We reverse and remand this matter to the Court of Claims for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs under MCR 7.219.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder