# STATE OF MICHIGAN

# COURT OF APPEALS

ABRAM ANDREWS, SHARON CRAIGHEAD,
and HARVIST SLATER,

UNPUBLISHED
March 6, 2018

Plaintiffs-Appellants,

v

No.   335857
Court of Claims
LC No.   16-000080-MZ

COUNTY OF WAYNE, WAYNE COUNTY
TREASURER, RANCILIO & ASSOCIATES, and
WOLVERINE MAILING, PACKAGING,
WAREHOUSE, INC.,

Defendants-Appellees.

Before:  CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

In this case arising out of property tax foreclosures, plaintiffs, Abram Andrews, Sharon Craighead, and Harvist Slater, appeal by right a Court of Claims order dismissing their lawsuit for lack of subject matter jurisdiction.  We affirm in part, reverse in part, and remand the matter to the Court of Claims for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEEDINGS

Plaintiffs are former title holders of certain parcels of real property located in the city of Detroit in Wayne County, Michigan.  Defendants are Wayne County and the Wayne County Treasurer ("the county defendants"); Rancilio & Associates (Rancilio), a Michigan Corporation hired by the county defendants in connection with foreclosure proceedings to conduct personal visits to the subject properties; and Wolverine Mailing, Packaging, Warehouse, Inc. (Wolverine), a Michigan Corporation hired by the county defendants to mail foreclosure notices via certified mail.  Plaintiffs sued defendants in the Court of Claims after judgments of foreclosure were entered against them in the Wayne County Circuit Court for unpaid taxes in 2012.  Plaintiffs alleged that defendants "negligently, recklessly, and/or deliberately" withheld from plaintiffs the "series of notices" in the tax foreclosure process required under Michigan's general property tax act (GPTA), MCL 211.1 *et seq.*, and that defendants falsified records to indicate that personal visits to the properties had occurred and that notices had been sent by certified mail.  Plaintiffs claimed that they did not receive the notice required by the GPTA or the Due Process Clauses of the United States and Michigan Constitutions, US Const Am XIV; Const 1963, art 1, § 17.

-1-

In their complaint, plaintiffs asserted six causes of action. Count one alleged a violation of due process for failure to provide a meaningful opportunity to be heard based on defendants' alleged failure to comply with the GPTA hearing requirements. Count two alleged a violation of due process due to the failure to take additional steps to provide notice after the initial notices were returned undelivered, failure to provide adequate personal visit notice, and general failure to provide notice reasonably calculated to apprise plaintiffs of their impending foreclosures. Count three alleged a violation of plaintiffs' equal-protection rights associated with how their payment plans were handled. Count four alleged that defendants had taken plaintiffs' property without just compensation in violation of the Takings Clauses of the United States and Michigan Constitutions, US Const Am V; Const 1963, art 10, § 2. Count five sought declaratory relief, asking the court to set aside the judgments of foreclosure and subsequent transfers. Finally, count six alleged breach of contract for failure to honor payment plan agreements entered into with plaintiffs Andrews and Slater. The relief requested in the complaint was as follows:

> A. The declaratory relief as applicable and specified in Count Five, including, but not limited to, an Order declaring the foreclosures, contracts and deed the [sic] by which Defendants transferred the properties null and void, and quieting title in the properties in the name of the Plaintiffs, subject only to valid tax liens;
>
> B. An award of just compensation, as applicable, in an amount to be determined at trial;
>
> C. An award of compensatory damages for County Defendant's breach of contract and for Defendants' improper denial of Plaintiffs Constitutional rights; and/or
>
> D. Any other relief as necessary to redress the violation of Plaintiffs' rights, guaranteed by the Constitution and laws.

The county defendants and defendant Rancilio answered the complaint and asserted affirmative defenses, including that the Court of Claims lacked subject-matter jurisdiction. Defendant Wolverine filed a motion for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(8) (failure to state a claim upon which relief can be granted).

Without holding a hearing, the Court of Claims entered an order granting Wolverine's motion for summary disposition and dismissing the entire case for lack of subject-matter jurisdiction. The order stated as follows:

> MCL 600.6419 generally provides that [the Court of Claims] has jurisdiction over any claim "against the state or any of its departments or officers." MCL 600.6419(1). Because the claims against defendants; Wayne County, Richard Hathaway (Wayne County Treasurer), Rancilio & Associates, and Wolverine Mailing, Packaging, Warehouse, Inc are not claims "against the state or any of its departments or officers," as that phrase is defined in MCL 600.6419(7), this Court lacks jurisdiction to hear and determine those claims.

-2-

Plaintiffs timely moved for reconsideration, arguing that the Court of Claims had made a palpable error in dismissing the case for lack of jurisdiction. Plaintiffs argued that MCL 600.6419(1) is not the only statute that confers jurisdiction on the Court of Claims and that MCL 211.78*l*[1] of the GPTA expressly conferred subject-matter jurisdiction over their claim in the Court of Claims. In response, the county defendants argued that MCL 211.78*l* narrowly granted subject-matter jurisdiction to the Court of Claims over claims for monetary damages caused by a failure to give notice required under the GPTA, and that plaintiffs did not assert a claim for monetary damages. The Court of Claims entered an order denying reconsideration, and this appeal followed.

## II. ANALYSIS

The narrow issue on appeal in this case is whether the Court of Claims properly dismissed this case for lack of subject-matter jurisdiction. The grant or denial of a motion for summary disposition is reviewed de novo. See *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo." *Id*.

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). "Subject-matter jurisdiction describes the types of cases and claims that a court has authority to address." *Id*.

> Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial. [*Id*.]

"The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit." *O'Connell v Director of Elections*, 316 Mich App 91, 101; 891 NW2d 240 (2016). By contrast, "the circuit court is a court of general equity jurisdiction" and its subject-matter jurisdiction is generally set forth by the Michigan Constitution. *Id*. MCL 600.6419, part of the court of claims act, MCL 600.6401 *et seq.*, provides in relevant part as follows:

> Except as otherwise provided in this section, the [Court of Claims] has the following power and jurisdiction:

---

[1] MCL 211.78*l* is quoted in relevant part later in this opinion.

(a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court. [MCL 600.6419(1)(a).]

It is undisputed that defendants are not "the state or any of its departments or officers." *Id*. Plaintiff argues that, although MCL 600.6419 grants exclusive jurisdiction to the Court of Claims to hear tort and contract cases against the state, it is not the only statute that grants the Court of Claims jurisdiction. Specifically, plaintiffs argue that MCL 211.78*l*, part of the GPTA, confers exclusive subject matter jurisdiction in the Court of Claims to hear their case and others like it. MCL 211.78*l* states in relevant part:

(1) If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required *under this act* shall not bring an action for possession of the property against any subsequent owner, *but may only bring an action to recover monetary damages as provided in this section*.

(2) The court of claims has *original and exclusive jurisdiction* in any action to recover monetary damages under this section. [MCL 211.78*l* (emphasis added).] [2]

By arguing that MCL 211.78*l* grants the Court of Claims jurisdiction to hear their case, plaintiffs essentially assert that their case falls into the category of cases described in this section of the statute (i.e., a claim by an owner of an interest extinguished by foreclosure who claims that he or she did not receive notice under the GPTA and seeks monetary damages from the foreclosing entity).

In *River Investment Group v Casab*, 289 Mich App 353, 358; 797 NW2d 1 (2010), this Court held that MCL 600.6419 is not the only statute that grants jurisdiction in the Court of Claims. MCL 211.78*l*(2) grants the Court of Claims exclusive original jurisdiction over claims for monetary damages arising under the GPTA when it is alleged that a property owner did not receive proper notice. *River Investment Group*, 289 Mich App at 358. Defendants do not contest that MCL 211.78*l* is an alternative legislative grant of subject-matter jurisdiction. Rather, defendants argue that none of plaintiffs' claims fall into the narrow scope of the statute's grant of jurisdiction. For the Court of Claims to have jurisdiction under this section, (1) the action must be related to a judgment for foreclosure entered under section 78k, (2) the plaintiff must be an owner with a recorded or unrecorded interest in the parcel foreclosed upon, (3) the plaintiff must be one "who claims that he or she did not receive any notice," and (4) the plaintiff must be seeking monetary damages. MCL 211.78*l*. It is undisputed that "a judgment for

_____

[2] The plain language of the statute does not exclude non-governmental defendants.

foreclosure [was] entered under section 78k" and that each plaintiff was a record owner of a parcel thus extinguished. MCL 211.78*l*(1). However, much of plaintiffs' six-count complaint exceeds the scope of the plain language of MCL 211.78*l*. Plaintiffs' count six for alleged breach of repayment agreements does not qualify; such an action does not fall under the category of a claim that the taxpayer did not receive proper notice under the GPTA. On its face, count five is also excluded because it seeks declaratory relief and MCL 211.78*l* expressly limits its scope to recovery of money damages. MCL 211.78*l*(1). Count four for just compensation under the Takings Clause does not fall under this section because a takings claim is unrelated to the provision of notice under the GPTA. See *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 261; 792 NW2d 781 (2010). Although count three for violation of equal protection purports to seek monetary damages, it asserts that plaintiffs were treated differently than other taxpayers who had entered into repayment plans. Like count six, this count does not assert any claim related to the provision of notice under the GPTA.

However, counts one and two for violation of due process are directly related to the notice required under the GPTA. MCL 211.78(2) states as follows:

> It is the intent of the legislature that the provisions of [the GPTA] relating to the return, forfeiture, and foreclosure of property for delinquent taxes satisfy the minimum requirements of due process required under the constitution of this state and the constitution of the United States but that those provisions do not create new rights beyond those required under the state constitution of 1963 or the constitution of the United States. The failure of this state or a political subdivision of this state to follow a requirement of this act relating to the return, forfeiture, or foreclosure of property for delinquent taxes shall not be construed to create a claim or cause of action against this state or a political subdivision of this state unless the minimum requirements of due process accorded under the state constitution of 1963 or the constitution of the United States are violated. [MCL 211.78(2).]

A claim that the foreclosing entity's attempts to provide notice required by due process were constitutionally deficient is essentially a claim that the taxpayer "did not receive any notice required under [GPTA]" as described in MCL 211.78*l*(1). See *Sidun v Wayne County Treasurer*, 481 Mich 503; 751 NW2d 453 (2008), *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950), and *Jones v Flowers*, 547 US 220, 229; 126 S Ct 1708; 164 L Ed 2d 415 (2006).

Each of the plaintiffs asserted in this lawsuit that they did not receive actual notice of the foreclosure proceedings and that defendants failed to provide constitutionally adequate notice. However, to the extent the complaint seeks "rescission of the judgment of foreclosure," such relief is not within the scope of MCL 211.78*l*(1). The statute clearly states that the claimant "shall not bring an action for possession of the property against any subsequent owner, but *may only* bring an action to recover monetary damages as provided in this section." MCL 211.78*l*(1) (emphasis added). An action to "rescind" or void the judgments of foreclosure is clearly not an action to recover monetary damages and is tantamount to an action to recover possession from the subsequent owner. Likewise, such an action in the Court of Claims would constitute an impermissible collateral attack on the judgments of foreclosure entered in the circuit court. See

-5-

*Workers' Compensation Agency Director v MacDonald's Indus Products, Inc*, 305 Mich App 460, 474; 853 NW2d 467 (2014) ("It is well established in Michigan that, assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding.").

However, plaintiffs also requested "compensation for these violations" (i.e., the violations of due process). Further, although plaintiffs' request for relief does not specify any damages directly related to defendants' failure to provide notice, it does ask for "[a]ny other relief as necessary to redress the violation of Plaintiffs' rights, guaranteed by the Constitution and laws." Therefore, a narrow portion of plaintiffs' complaint falls under the exclusive subject-matter jurisdiction of the Court of Claims as granted by MCL 211.78*l*. To the extent plaintiffs seek money damages from defendants for harm caused by their failure to provide proper notice, such a cause of action is proper in — and only in — the Court of Claims.

Accordingly, it was error for the Court of Claims to dismiss plaintiffs' case in its entirety. Regarding plaintiffs' assertion that defendants violated the notice requirements of the GPTA and the principles of due process, and to the extent plaintiffs seek monetary damages for such alleged violation, we reverse the Court of Claims' ruling and remand the case for further proceedings consistent with this opinion. Regarding counts three though six of the complaint and any request for injunctive or declaratory relief, we affirm.

Affirmed in part, reversed in part, and remanded to the Court of Claims for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering