*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

WAYNE COUNTY ELECTION COMMISSION,
KIEFER JOSEPH COX, and NICHOLAS JOHN
HATHAWAY,

        Defendants-Appellees.

UNPUBLISHED
June 2, 2022

No. 361546
Wayne Circuit Court
LC No. 22-005710-AW

Before: MURRAY, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

In this election matter, plaintiff, Robert Davis, appeals as of right the trial court's May 24, 2022 opinion and order that dismissed his complaint seeking a writ of mandamus and other relief, and granting a request for attorneys' fees made by plaintiffs, the Wayne County Election Commission, Kiefer Joseph Cox, and Nicholas John Hathaway. The trial court concluded that it lacked jurisdiction over the complaint, and granted an oral motion for costs and attorneys' fees based on a finding that the complaint was frivolous. We vacate in part and remand for further proceedings.[1]

Plaintiffs Cox and Hathaway are candidates for judicial offices in the Third Circuit Court, which is situated in Wayne County. At issue are their affidavits of identity (AOIs). The relevant portion of Cox's AOI appears as follows:

---

[1] This Court expedited the appeal. *Davis v Wayne Co Election Comm*, unpublished order of the Court of Appeals, entered May 27, 2022 (Docket No. 361546).

-1-

The relevant part of Hathaway's AOI appears as follows:

The relevant statutory provision requires, among other things, that an AOI "must contain . . . the title of the office sought including the jurisdiction, district, circuit, or ward . . ." MCL 168.558(2). According to plaintiff, both AOIs fail to meet this requirement. The circuit court, however, did not reach that issue; instead, the circuit court concluded that it lacked jurisdiction over the matter and dismissed it for that reason, and also awarded attorneys' fees and costs as a sanction against plaintiff for having filed a frivolous complaint. This appeal followed.

## I. JURISDICTION

We agree with plaintiff's contention that the circuit court does have subject-matter jurisdiction over this matter. The question is whether this action must be brought in the circuit court or the Court of Claims. "The Court of Claims is created by statute and the scope of its subject-matter jurisdiction is explicit. Conversely, the circuit court is a court of general equity jurisdiction, and its subject-matter jurisdiction is generally set forth" in Michigan's Constitution. *O'Connell v Director of Elections*, 316 Mich App 91, 101; 891 NW2d 240 (2016) (quotation marks and citations omitted). As stated in Const 1963, art 6, §13:

> The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their

-2-

respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters and provided by rules of the supreme court.

MCL 600.605 provides circuit courts with "original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution of this state." "Thus, the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives another court exclusive jurisdiction over the subject-matter of the suit." *O'Connell*, 316 Mich App at 101 (quotation marks and citation omitted).

Generally, civil actions, including demands for extraordinary writs, which are brought against the "state or any of its departments or officers" fall within the jurisdiction of the Court of Claims. MCL 600.6419(1)(a). "The jurisdiction of the Court of Claims does not extend to local officials." *Mays v Snyder*, 323 Mich App 1, 47; 916 NW2d 227 (2018). Here, the simple fact is that plaintiff has not sued the state, any of its departments, or any state officials. Plaintiff has sued a county election commission and two individuals seeking elected office, and they are amenable to suit in the circuit court. Those claims fall within the broad subject-matter jurisdiction of the circuit court, and the circuit court erred by holding otherwise.[2]

## II. MERITS OF PLAINTIFF'S CLAIMS

Plaintiff also asks this Court to resolve the merits of his claims, an issue not reached in the circuit court because of its conclusion that it lacked subject-matter jurisdiction.[3] Although the circuit court did not decide the issue, it was raised and addressed in the trial court by the parties. See *CAJ v KDT*, ___ Mich App ___, ___; ___ NW2d ___ (2021), slip op at 3 (Docket No. 355433), quoting *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994)("An issue is preserved if it is raised in the trial court and pursued on appeal."). See also *Wells v State*

---

[2] The circuit court opined that plaintiff *should* have sued the Secretary of State, and that had he done so, such a suit should have been brought in the Court of Claims. The question is, however, who plaintiff *did* sue. See *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996) ("A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint"). If plaintiff sued the wrong parties, that may be a basis for dismissing the complaint, but that is an issue separate from the question of subject-matter jurisdiction. And while that may be an interesting legal question, see *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370; 395 NW2d 325 (1986), we need not reach the question whether plaintiff sued the correct entities to resolve this appeal.

[3] The circuit court did discuss the merits of plaintiff's claims, and stated that it found his challenges to Cox's AOI meritless. But "a court speaks through its written orders and judgments, not its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). The court's written order does not address the merits of plaintiff's claims, and instead, only holds that the circuit court was without jurisdiction to address them. We thus proceed under the understanding that the circuit court's holding was that it lacked jurisdiction, and that it did not also decide the merits of plaintiff's claims.

*Farm Fire & Cas Co*, __ Mich __, __; 969 NW2d 67 (2022). In light of that, and given the need for a timely decision before the printing of ballots for the August primary, judicial economy counsels that we address the merits of the issues raised in plaintiff's complaint.

As explained earlier, the substantive issue concerns Cox's and Hathaway's respective AOIs. Plaintiff argues that neither AOI satisfies the requirement that an AOI "must contain . . . the title of the office sought including the jurisdiction, district, circuit, or ward . . ." MCL 168.558(2).

In *Barrow v Wayne County Election Comm*, ___ Mich App ___, ___; ___ NW2d ___ (2022), slip op at 6, we set forth the standards of review applicable to a decision granting or denying a writ of mandamus:

> When reviewing a trial court's decision whether to issue a writ of mandamus, we review de novo the trial court's determination of the existence and extent of a duty. *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). But we review a trial court's ultimate decision for an abuse of discretion. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Bay City*, 292 Mich App at 164. Any underlying issue of statutory interpretation is a question of law subject to de novo review. *Id.* Likewise, we review de novo a trial court's decision on a motion concerning a request for declaratory judgment. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 542; 904 NW2d 192 (2017) (citation omitted).

"To be included on the primary election ballot of any political party in this state, a candidate must 'have filed nominating petitions according to the provisions of' the Michigan Election Law, MCL 168.1 *et seq.*, and complied with 'all other requirements' of the law. MCL 168.550. The filing of certain documents—including AOIs—is governed by MCL 168.558." *Reed-Pratt v Detroit City Clerk*, ___ Mich App ___, ___; ___ NW2d ___ (2021), slip op at 3, quoting *Nykoriak v Napoleon*, 334 Mich App 370, 376-377; 964 NW2d 895 (2020).

The statutory requirement that the candidate's AOI include "the title of the office sought including the jurisdiction, district, circuit, or ward" is mandatory, as the Legislature has said it "must" be done. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009) (use of the term "must" "indicates that something is mandatory."). "The failure to supply a facially proper affidavit of identity (AOI), i.e., an affidavit that conforms to the requirements of the Election Law, is a ground to disqualify a candidate from inclusion on the ballot." *Stumbo v Roe*, 332 Mich App 479, 480; 957 NW2d 830 (2020); accord *Nykoriak*, 334 Mich App at 377.

Both candidates have complied with this requirement. Ultimately, the candidate's AOI must include two things: (1) the title of the office sought, and (2) the jurisdiction, district, circuit, *or* ward. With regard to the second requirement, it is important to understand that the Legislature listed four items (jurisdiction, district, circuit and ward), but used the word "or" in setting forth this list. The word "or" is a disjunctive term, indicating that any one of these four items should appear on the AOI, not all of them. See *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011) (explaining that the word "or" is a disjunctive term, indicating the existence of alternatives).

Beginning with Hathaway's AOI, the AOI states that Hathaway is running for the office of "Judge". That satisfies the requirement that the AOI include the title of the office sought, as plaintiff readily admits. Where plaintiff claims the affidavit is deficient is with respect to the requirement that the AOI state "the jurisdiction, district, *circuit*, or ward." MCL 168.558(2) (emphasis added). The AOI clearly *does* include the circuit in which Hathaway seeks judicial office, that being the Third Circuit Court. Hathaway was not also required to list the "jurisdiction," Wayne County, as plaintiff suggests. And in any event, that would be duplicative given that the Third Circuit Court is in Wayne County. Plaintiff failed to demonstrate any infirmity with Hathaway's AOI, and thus, failed to demonstrate that Hathaway should be deemed ineligible to appear on the August primary ballot.

Plaintiff also argued that the AOI was insufficient because it states Hathaway's name as "Nicholas John Hathaway," instead of "Nicholas John Bobak Hathaway." Hathaway was born as "Nicholas John Bobak." But after marrying his wife, whose last name is Hathaway, Hathaway obtained a court order legally changing his name to adopt his wife's last name. Pursuant to MCL 168.552(3)(c), an AOI need not show that the name stated on the AOI is a name change if the reason for the change is because of marriage. Plaintiff did not demonstrate any infirmity in Hathaway's AOI in this regard.

With respect to Cox, his AOI similarly states that he seeks to run for office in "Circuit Court" for the "3rd Circuit". For the same reason discussed with respect to Hathaway, that clearly satisfies the requirement that the AOI state the "jurisdiction, district, circuit, or ward." MCL 168.558(2). Plaintiff argues, however, that Cox failed to state the title of the office sought. On Cox's affidavit, in the place to state the "office name," Cox wrote, "Circuit Court." From that alone, one can easily surmise that Cox is running for judicial office, i.e., circuit court Judge. But even if that alone does not satisfy MCL 168.558(2), later in the AOI, Cox checked a box indicating that he was running for a "new judgeship," in a section for "judicial candidates only." The AOI thus clearly lists the title of the office sought: a "judgeship" sought by a "judicial candidate". "Notably, strict compliance with the content requirements may be achieved even if the applicant fills out the form in an irregular or improper manner." *Moore v Genesee County*, __ Mich App __, __; __ NW2d __ (2021), slip op at 3. Accordingly, plaintiff has also failed to show that Cox's AOI does not comply with MCL 168.558(2), and he is not entitled to the relief sought in the complaint.

Thus, while the circuit court did so for the wrong reason, the circuit court reached the correct result by dismissing the complaint. This Court will not reverse a trial court's decision when it reaches the right result, but for the wrong reason. *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838), slip op at 4. Thus, we affirm the dismissal of plaintiff's suit, only on grounds different from that of the trial court.

## III. SANCTIONS

The trial court granted an oral motion for sanctions based on a conclusion that the complaint was frivolous, a decision premised on the erroneous conclusion that it lacked jurisdiction. Because of that, we vacate the trial court's decision to award attorneys' fees and costs. On remand, defendants may seek sanctions on the basis that the complaint was frivolous for other reasons. Our decision today should not be read as implying that the complaint is or is

not frivolous. Rather, we leave that decision to the trial court in the first instance. See *Fette v Peters Const Co*, 310 Mich App 535, 549; 871 NW2d 877 (2015) (at trial court's decision on a request for sanctions is reviewed for an abuse of discretion, and any factual findings are reviewed for clear error).

The circuit court's order is affirmed to the extent that it dismissed plaintiff's suit. We vacate that portion of the order awarding sanctions, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Anica Letica