WEAVER, j.
In this case, we decide whether this Court correctly gave retroactive effect to its decision in Karaczewski v Farbman Stein & Co, 478 Mich 28; 732 NW2d 56 (2007). After examination of the Karaczewski decision and the effect overruling its retroactivity would have, we overrule the holding of Karaczewski that gave the decision its retroactive effect. Accordingly, pursuant *458 to MCR 7.302(G)(1), in lieu of granting leave to appeal, we reverse the decision of the Workers’ Compensation Appellate Commission (WCAC) and remand this case to the WCAC for resolution of this case consistent with the law in effect before the Karaczewski decision.
I. FACTS AND PROCEDURAL HISTORY
In 1998, plaintiff Andre Bezeau, a professional hockey player, signed a three-year contract with the Detroit Vipers, a professional hockey team owned by defendant Palace Sports & Entertainment, Inc. At the time, plaintiff was a resident of Michigan, and the contract was signed in Michigan.
In June 2000, plaintiff fell from a 45-foot ladder while working at his father’s roofing company in New Brunswick, Canada. As a result of the fall, he injured his groin, lower back, and right thigh. Plaintiff stayed in New Brunswick to receive treatment for his injuries, and he became a resident of New Brunswick.
In October 2000, the Detroit Vipers loaned plaintiff to the Providence Bruins, a professional hockey team located in Rhode Island. In the first game of the 2000-2001 season, which took place in Rhode Island, another player struck plaintiff, aggravating his injury. Plaintiff left the game and has been unable to play hockey since the incident.
In June 2001, plaintiff applied for workers’ compensation benefits in Michigan. He claimed that he had developed osteitis pubis as a result of playing professional hockey. A hearing was held before a magistrate in the Worker’s Compensation Board of Magistrates. The magistrate ruled in February 2003 that although plaintiff was disabled, there was no persuasive evidence that the incident at the October 2000 hockey game in Rhode *459 Island caused plaintiffs disabling injuries or aggravated any preexisting injuries.
Plaintiff appealed the decision to the WCAC, which reversed the magistrate’s findings. The WCAC panel found that the incident at the October 2000 hockey game was a contributing factor, among many, to plaintiffs disability. The WCAC granted plaintiff an open award of benefits.
Defendant appealed the WCAC’s decision in the Court of Appeals. In February 2006, the Court of Appeals issued an unpublished opinion vacating the decision of the WCAC and remanding the case to the WCAC to “determine whether plaintiff asserted an ‘aggravation’ or ‘contribution’ theory at trial, whether such a theoxy was properly raised on appeal, and, if so, whether an award of benefits is proper under Rakestraw [v Gen Dynamics Land Systems, Inc, 469 Mich 220; 666 NW2d 199 (2003)].” Bezeau v Palace Sports & Entertainment, Inc, unpublished opinion per curiam of the Court of Appeals, issued February 28, 2006 (Docket No. 258350), p 5.
On remand from the Court of Appeals, the WCAC issued a decision in October 2006 remanding the case to the board of magistrates to determine whether plaintiffs condition after the October 2000 hockey-game incident was medically distinguishable from his condition before the incident.
Meanwhile in May 2007, while the remand to the board of magistrates in the instant case was pending, this Court issued the opinion in Karaczewski on the jurisdictional requirements for workers’ compensation claims brought in Michigan. In Karaczewski, this Court overruled the interpretation of MCL 418.845 set forth in Boyd v W G Wade Shows, 443 Mich 515; 505 NW2d 544 (1993), and described what it termed an abrogation of the statute by Boyd’s precursor, Roberts v I X L Glass Corp, 259 Mich *460 644; 244 NW 188 (1932). Karaczewski, 478 Mich at 30, 39-41. The new interpretation of MCL 418.845 set forth in Karaczewski stated that for Michigan workers’ compensation laws to apply to a claim for benefits, the injured employee must have been a resident of Michigan at the time of the injury and the contract for hire must have been made in Michigan.[1] Id. at 33, 44. Under Boyd and Roberts, Michigan workers’ compensation laws applied to claims for benefits even if the injured employee was not a resident of Michigan as long as the contract for hire was made in Michigan. See id. at 34, 37-38.
As a result of the Karaczewski decision, defendant argued that the board of magistrates did not have subject-matter jurisdiction because plaintiff was a resident of New Brunswick at the time of the October 2000 incident. The magistrate agreed and dismissed plaintiffs claim for benefits. Plaintiff appealed to the WCAC, which affirmed the magistrate’s decision. Plaintiff applied for leave to appeal in the Court of Appeals, which denied leave to appeal in an unpublished order entered September 5, 2008 (Docket No. 285593).
Plaintiff applied for leave to appeal in this Court. We ordered oral argument on the application, directing the parties to address “whether the jurisdictional standard established at MCL 418.845, as interpreted by this Court in Karaczewski v Farbman Stein & Co, 478 Mich 28 (2007), should be applied in this case.”[2]
*461 II. STANDARD OF REVIEW
Whether this Court’s decision in a previous case should be overruled is a question of law that this Court reviews de novo. Bush v Shabahang, 484 Mich 156, 164; 772 NW2d 272 (2009).
III. ANALYSIS
A. THE DECISION IN KARACZEWSKI
Karaczewski involved an employee whose contract for hire was made in Michigan, but who became a resident of another state after his employer transferred him. The employee was injured on the job while in the other state. Karaczewski, 478 Mich at 30. He filed a claim for workers’ compensation benefits in Michigan. Id. at 31.
The defendants in Karaczewski argued that under the plain language of the Michigan Worker’s Disability Compensation Act, the employee’s claim was not subject to the jurisdiction of the Michigan’s Workers’ Compensation Agency because the employee was not a resident of Michigan at the time of the injury. Id. at 58. The WCAC and Court of Appeals agreed with the defendants that the plain language of the relevant statute, MCL 418.845, would preclude the employee from bringing his claim in Michigan. Id. at 31-32. However, both the WCAC and the Court of Appeals noted that they were unable to rule in the defendants’ favor under the binding Michigan Supreme Court precedents of Boyd and Roberts. Id. at 32.
In Boyd, this Court interpreted MCL 418.845 when faced with a similar situation involving an employee whose contract for hire was made in Michigan but who was injured and died on the job while a resident of another state. Boyd, 443 Mich at 516. The Court exam *462 ined MCL 418.845 and Roberts, a case interpreting a predecessor of MCL 418.845. Id. at 517-520. The Boyd Court held that, “pursuant to [MCL 418.845] and Roberts v I X L Glass Corp, supra, the Bureau of Workers’ Disability Compensation shall have jurisdiction over extraterritorial injuries without regard to the employee’s residence, provided the contract of employment was entered into in this state with a resident employer.” Id. at 526.
This Court granted leave in Karaczewski to determine whether overruling Boyd would be justified.[3] Analyzing the plain language of MCL 418.845, a majority of this Court held that the statute “confers jurisdiction on the Bureau of Worker’s Compensation, now the Workers’ Compensation Agency, for out-of-state workplace injuries only if (1) the employee is a resident of Michigan when the injury occurs and (2) the contract of hire was made in Michigan.” Karaczewski, 478 Mich at 30. The Karaczewski Court’s interpretation of MCL 418.845 directly conflicted with this Court’s interpretation of the same statute in Boyd, and thus this Court overruled Boyd. Id. Over the objections of three justices, the majority in Karaczewski gave retroactive effect to its new interpretation of MCL 418.845. Id. at 44 n 15.
In general, this Court’s decisions are given full retroactive effect. Pohutski v City of Allen Park, 465 Mich 675, 695; 641 NW2d 219 (2002). However, there are exceptions to this rule. This Court should adopt a more flexible approach if injustice would result from full retroactivity. Id. at 696. Prospective application may be appropriate where the holding overrules settled precedent. Id. As stated in Pohutski-.
*463 This Court adopted from Linkletter v Walker, 381 US 618; 85 S Ct 1731, 14 L Ed 2d 601 (1965), three factors to be weighed in determining when a decision should not have retroactive application. Those factors are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. People v Hampton, 384 Mich 669, 674; 187 NW2d 404 (1971). In the civil context, a plurality of this Court noted that Chevron Oil v Huson, 404 US 97, 106-107; 92 S Ct 349; 30 L Ed 2d 296 (1971), recognized an additional threshold question whether the decision clearly established a new principle of law. Riley v Northland Geriatric Center (After Remand), 431 Mich 632, 645-646; 433 NW2d 787 (1988) (Griffin, J.). [Id.]
In determining whether Karaczewski was incorrectly given retroactive effect, we must first answer the threshold question whether Karaczewski clearly established a new principle of law. The decision in Karaczewski to overrule Boyd established a new interpretation of MCL 418.845 that broke from the longstanding interpretation of the statute. Although the Court interpreted the statute consistently with its plain language, the Court’s interpretation established a new rule of law because it affected how the statute would be applied to parties in workers’ compensation cases in a way that was inconsistent with how the statute had been previously applied.[4]
Given that Karaczewski established a new rule of law, we now weigh the factors set forth in Pohutski to determine whether Karaczewski was correctly given retroactive application. First, we determine the purpose to be served by the new rule. The majority in Karaczewski overruled Boyd because the Boyd interpretation of MCL 418.845 failed to recognize that the statute’s text required that an injured employee must have been a resident of Michigan at the time of the injury and the contract for *464 hire must have been made in Michigan in order for the employee to be able to successfully file a workers’ compensation claim in Michigan. Thus, the purpose of the new rule was to interpret the law consistently with the Legislature’s apparent intent when drafting MCL 418.845.
The next two factors to consider in determining whether Karaczewski was correctly applied retroactively are reliance interests on the old rule of law under Boyd and the effect of Karaczewski’s retroactivity on the administration of justice. The concurring and dissenting justices in Karaczewski noted that the decision to give Karaczewski retroactive effect would seriously undermine the reliance interests of parties regarding the BoydIRoberts decisions. Justice KELLY stated in her dissent that “[t]here are significant reliance concerns implicated by the overturning of Roberts and Boyd. The underlying rationale of these cases has been in place for seven decades. Attorneys, employers, insurance carriers, and various employees have relied on the holdings of Roberts and Boyd.” Karaczewski, 478 Mich at 62 (Kelly, J., dissenting). Furthermore, Justice WEAVER noted in her opinion concurring in part and dissenting in part:
[T]here has been extensive reliance for 14 years on Boyd’s interpretation of MCL 418.845. In addition to reliance by the courts, insurance decisions have undoubtedly been predicated on this Court’s longstanding interpretation of MCL 418.845 under Boyd. Nonresident injured employees, like plaintiff, who initially entered into contracts for hire in Michigan, but later agreed to work outside Michigan, have relied on the ability to obtain workers’ compensation benefits based on their employment relationship with Michigan employers. Prospective application acknowledges that reliance and assures the fair resolution of those pending workers’ compensation cases. [Id. at 46 (Weaver, J., concurring in part and dissenting in part).]
*465 In addition to Karaczewski’s failure to give due weight to that reliance on Boyd and Roberts, the dissenting justices noted that retroactivity would result in a disruption in the administration of justice. Id. (Weaver, J., concurring in part and dissenting in part); id. at 62 (KELLY, J., dissenting). As the instant case shows, it appears that the Karaczewski decision has disrupted the administration of justice in cases that came under Karaczewski’s retroactive effect. Plaintiff first filed his claim in 2001, and the parties spent six years going through the appellate process to the Court of Appeals and back to the board of magistrates without having any argument over jurisdictional questions regarding MCL 418.845. While the case was on remand at the board of magistrates in 2007, Karaczewski was decided and defendant raised the jurisdictional issue for the first time in the tribunal.[5] Because a long-settled part of this well-traveled case suddenly became a new issue and the six years of work expended on this case became moot, we conclude that Karaczewski’s retroactive effect disrupted the administration of justice.
Because the Karaczewski decision on retroactivity did not give due weight to the interests of employers and employees relying on the well-established law of Boyd and Roberts, and because it did not give due weight to its effect on the administration of justice, we conclude that the decision to give retroactivity to Karaczewski was erroneous.[6]
*466 B. STARE DECISIS
Having established that retroactive effect was erroneous, we next decide whether this Court should overrule the decision that gave retroactive effect to Karaczewski. This Court generally adheres to the principle of stare decisis. Robinson v Detroit, 462 Mich 439, 463; 613 NW2d 307 (2000). However, we should reexamine precedent when legitimate questions have been raised about the correctness of a decision. Id. at 464. Upon such reexamination, our first step is to determine whether the precedent was wrongly decided. Id. Should we determine that precedent was wrongly decided, we also “examine the effects of overruling, including most importantly the effect on reliance interests and whether overruling would work an undue hardship because of that reliance.” Id. at 466. “As to the reliance interest, the Court must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Id.
As we have explained earlier, we conclude that giving retroactive effect to this Court’s holding in Karaczewski was an erroneous decision. Having determined that the *467 retroactivity holding was wrongly decided, we next turn to the reliance interests involved.
In this case, we are only reviewing the effect of retroactively applying Karaczewski’s interpretation of MCL 418.845. By its nature, the retroactivity applied only to claims based on injuries that occurred before the date Karaczewski was decided. At the time of the Karaczewski decision, the workers’ compensation system was operating under the prior precedent of Boyd and Roberts regarding jurisdictional questions under MCL 418.845. At the time of the Karaczewski decision, the only reliance on law regarding MCL 418.845 by parties was a reliance on the Boyd and Roberts precedents. There could not have been reliance on the law of the Karaczewski decision for claims based on injuries that occurred before Karaczewski because Karaczewski was decided after the bases for those claims had arisen. Thus, we find no reliance interests regarding the retroactive effect of Karaczewski on claims in which the injuries had occurred on or before the date Karaczewski was decided.
Our next step in examining whether the retroactive effect of Karaczewski should be overruled is to determine whether overruling that effect will result in any undue hardships for parties involved in cases affected by our decision. As we have noted, the parties involved in cases affected by this decision had no reliance interests involving Karaczewski. By overruling the retroactivity of Karaczewski, the only effect on those parties is that their cases will be governed by the precedents that governed their claims when the bases for those claims first arose. We believe that such an effect is not an undue hardship on the parties because they are simply returning to the status quo for their claims.
Further justification for overruling the retroactivity of Karaczewski can be found in the inequity in the instant *468 case, which arose as a result of the retroactivity holding. When the instant case was filed, the Boyd and Roberts interpretations of MCL 418.845 clearly governed the case, and plaintiff met the requirements of those interpretations. The Boyd and Roberts interpretations remained the governing interpretations of MCL 418.845 for more than six years while the case made its way from the board of magistrates to the WCAC, then to the Court of Appeals, then back to the WCAC on remand and, finally, back to the board of magistrates. During the entire appellate process, the interpretation of MCL 418.845 was not an issue in this case. But when the case was before the board of magistrates on remand to determine an entirely unrelated factual matter, this Court handed down the Karaczewski decision, overruling the Boyd and Roberts interpretations for all cases in which there had not been a final judgment. The Karaczewski decision therefore changed the law of this case in the middle of the appellate process without the parties having raised any issue regarding that specific point of law. We find that outcome to be inequitable, and thus we feel that it should be reversed.
We have concluded that the factors for overruling precedent laid out in Robinson weigh in favor of overruling the retroactivity holding of Karaczewski. Moreover, we have found further justification for overruling the retroactivity holding as a result of the inequity that has arisen in this case. Accordingly, we overrule the holding of Karaczewski that gave retroactive effect to its decision.
It should be particularly noted that our holding today affects only claims based on injuries that occurred on or before the date this Court decided Karaczewski, as long as the claim has not already reached final resolution in the court system. We do not overrule any aspect of the Karaczewski opinion other than its retroactive effect. *469 Contrary to the assertions in Justice Young’s dissent, which Justices CORRIGAN and MARKMAN also join, there is no majority to overrule Karaczewski in its entirety. We note that Chief Justice KELLY concurs with this opinion in part and dissents in part because she would in fact completely overrule Karaczewski. Six justices have chosen not to agree with Chief Justice KELLY’s position to completely overrule Karaczewski, and as a result, the portrayal of the lead opinion contained in Justice Young’s dissent is inaccurate. Karaczewski’’s interpretation of MCL 418.845 remains the law of this state for claims based on injuries that occurred after the date that Karaczewski was decided but before the effective date of the amendment of MCL 418.845 by enacting 2008 PA 499.
IV CONCLUSION
We reverse the decision of the WCAC. We overrule this Court’s decision to give retroactive effect to Karaczewski because the decision was erroneous, overruling it will not affect any reliance interests of the parties affected by our decision, and no undue hardship will occur as a result of our decision. Our holding affects claims based on injuries that occurred on or before the date this Court decided Karaczewski, as long as the claim has not already reached final resolution in the court system. Accordingly, we remand this case to the WCAC to continue proceedings consistent with its actions before the Karaczewski decision.
Reversed and remanded.
Hathaway, J., concurred with Weaver, J.

 The Legislature has since amended MCL 418.845 to now make it clearly applicable to out-of-state injuries. See 2008 PA 499, effective January 13, 2009. In this case, as an alternative to overrulmgKaraczewski, plaintiff asks that we consider applying 2008 PA 499 retroactively. However, we do not reach that question in this case because we overrule the retroactivity of Karaczewski that applied to parties in plaintiffs position of having suffered an injury before Karaczewski was decided.

 Bezeau v Palace Sports & Entertainment, Inc, 483 Mich 1001, 1001-1002 (2009).

 Karaczewski v Farbman Stein & Co, 474 Mich 1087 (2006).

 Pohutski, 465 Mich at 696-697.

 Defendant did include a defense in its answer to plaintiffs initial application for workers’ compensation benefits, claiming that Michigan law did not cover the claim because the injury occurred in Rhode Island. However, defendant did not raise the issue at the hearing before the magistrate or at any appellate stage through the next six years until after Karaczewski was decided.

 The purpose of the new rule from Karaczewski — interpreting the law consistently with the Legislature’s apparent intent when drafting MCL *466 418.845 — must also be given weight. As can be seen from the concurrences of the justices signing this opinion, some of the justices in the majority agree with Justice Young’s dissent that Karaczewski correctly interpreted the language of the statute, and some justices disagree with Karaczewski’s interpretation of the statute. Nevertheless, we all conclude that the effect of retroactivity on the Pohutski factors of reliance and disruption of the administration of justice outweigh the effects of retroactivity that in fact resulted from Karaczewski’s interpretation. In this instance, we conclude that the correct interpretation of a statute is better given prospective application when retroactive application seriously undermines parties’ reliance on the rule of law and disrupts the administration of justice.