# STATE OF MICHIGAN

# COURT OF APPEALS

SPECTRUM HEALTH HOSPITALS,

       Plaintiff-Appellee,

v

FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN and FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

       Defendants-Appellants.

UNPUBLISHED
April 10, 2018

No. 336244
Kent Circuit Court
LC No. 14-010519-NF

SPECTRUM HEALTH HOSPITALS,

       Plaintiff-Appellee,

v

FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN and FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

       Defendants-Appellants.

No. 337477
Kent Circuit Court
LC No. 14-010519-NF

Before: GADOLA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

-1-

In these consolidated cases, defendants Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company of Michigan appeal as of right the judgment entered by the trial court on the jury verdict in favor of plaintiff Spectrum Health Hospitals. On appeal, defendants challenge various pretrial orders and evidentiary rulings of the trial court, and also challenge the trial court's order awarding plaintiff attorney fees under MCL 500.3148(1) and MCR 2.403(O). We remand to the trial court for consideration of whether plaintiff has standing to bring this action.

This case involves a healthcare provider suit for personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. The parties do not dispute that plaintiff provided healthcare services for several individuals, each of whom were insured by one of the defendants, and after each was injured in various motor vehicle accidents. In each instance, plaintiff requested payment from the respective defendant for the healthcare services provided to the insured, and, specifically, for surgical implants provided in each instance. Defendants disagreed with the amounts charged by plaintiff for the surgical implants and sought additional justification for the cost from plaintiff. In some instances, defendants refused to pay the amount billed; in other cases, defendants paid plaintiff in an amount less than what plaintiff had billed.

Plaintiff brought this suit to compel defendants to pay the disputed charges. Defendants contended before the trial court that plaintiff's charges were in excess of a "reasonable charge" within the meaning of MCL 500.3107(1)(a) and MCL 500.3157. Plaintiff contended that the charges were reasonable and that defendants were statutorily obligated to pay plaintiff under the no-fault act. At the conclusion of trial, the jury entered a verdict finding plaintiff's charges to be reasonable. The trial court thereafter entered judgment on the verdict in the amount of $395,229.85, and also entered an order awarding plaintiff attorney fees under MCL 500.3148(1) and MCR 2.403(O).

On appeal to this Court, defendants raise several evidentiary issues related to the issue of what is a "reasonable charge" by a healthcare provider. Defendants contend that the trial court erred by not permitting discovery of what plaintiff actually receives in payment from various sources for particular services in contrast to what plaintiff actually bills, arguing that the information was relevant for purposes of determining what is a "reasonable charge." Similarly, defendants argue that the trial court erred by excluding evidence of what plaintiff actually is paid, particularly the testimony of defendants' expert witness on that issue. Defendants also contend on appeal that they were entitled to summary disposition because plaintiff failed in its burden to establish that its charges were reasonable, and had failed to provide requested information related to plaintiff's costs. Defendants further argue that the trial court erred in instructing the jury regarding whether plaintiff's charges were reasonable. Plaintiff contends that defendants' arguments are without merit and that the jury's verdict should be affirmed.

The first of these consolidated cases was initiated on November 6, 2014, and the final judgment was appealed to this Court on December 21, 2016. On May 25, 2017, the Michigan Supreme Court issued its decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). Before our Supreme Court's decision in *Covenant*, this Court had specifically held that the language of MCL 500.3112 permitted a healthcare provider who had provided healthcare services to an insured to maintain a direct cause of action against an

insurer to recover PIP benefits under the no-fault act. See *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Ins Co*, 308 Mich App 389, 401; 864 NW2d 598 (2014), overruled by *Covenant Med Ctr, Inc*, 500 Mich at 196. In *Covenant*, however, our Supreme Court held that healthcare providers do not have an independent statutory cause of action against insurers for PIP benefits to recoup the cost of healthcare services provided to insureds. The Court stated:

> A thorough review of the statutory no-fault scheme reveals no support for an independent action by a healthcare provider against a no-fault insurer. In arguing that healthcare providers may directly sue no-fault insurers, plaintiff primarily relies on MCL 500.3112, which provides, in pertinent part, that "[p]ersonal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents." While this provision undoubtedly allows no-fault insurers to directly pay healthcare providers for the benefit of an injured person, its terms do not grant healthcare providers a statutory cause of action against insurers to recover the costs of providing products, services, and accommodations to an injured person. [*Covenant*, 500 Mich at 195-196.]

Our Court has since held that *Covenant* applies retroactively to cases pending before this Court on appeal when *Covenant* was decided, applying our Supreme Court's reasoning in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503; 821 NW2d 117 (2012), that judicial decisions regarding statutory interpretation apply retroactively to all cases pending on direct review when the rule is announced. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; ___ NW2d ___ (2017). Although this Court in *W A Foote Mem Hosp* did not specifically address whether *Covenant* applies to pending cases in which the issue of provider standing has not been raised, we note that, in general, the decisions of our Supreme Court are given full retroactive effect. *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 462; 795 NW2d 797 (2010) (opinion by Weaver, J.). Exceptions exist when injustice would result from full retroactivity. *Id*.

We remand this case for further proceedings consistent with this opinion, but without prejudice to plaintiff's ability to establish an alternative basis for standing to bring these claims. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

-3-