# STATE OF MICHIGAN

# COURT OF APPEALS

TIM EDWARD BRUGGER II,

   Plaintiff-Appellee,

v

MIDLAND COUNTY BOARD OF ROAD
COMMISSIONERS,

   Defendant-Appellant.

FOR PUBLICATION
May 15, 2018
9:10 a.m.

No. 337394
Midland Circuit Court
LC No. 15-002403-NO

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

SHAPIRO, P.J.

Defendant, the Midland County Board of Road Commissioners, appeals from the trial court's denial of its motion for summary disposition. Because plaintiff's pre-suit notice complied with the applicable statute, we affirm.

## I. FACTS

Plaintiff was injured on April 27, 2013, when he lost control of his motorcycle and crashed. He filed suit against the road commission asserting that the crash was the result of large potholes and uneven pavement on a road maintained by the commission. Governmental immunity does not shield a road commission from liability when it fails to maintain the road in a condition "reasonably safe and convenient for pubic travel." MCL 691.1402(1).

On August 15, 2013, 110 days after the crash, plaintiff served defendant with pre-suit notice in accordance with MCL 691.1404 of the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. After suit was filed, the case progressed in typical fashion until this Court issued the decision in *Streng v Bd of Mackinac Rd Comm'rs*, 315 Mich App 449; 890 NW2d 680 (2016). In *Streng*, 315 Mich App at 462-463, the Court concluded that MCL 224.21(3), rather than MCL 691.1404, controlled the timing and content of a pre-suit notice directed to a road commission. Following that decision, defendant, relying on *Streng*, filed a motion for summary disposition arguing that plaintiff's pre-suit notice—filed within the 120 days as set forth in the GTLA—was ineffective because it was not filed with the 60-day limit set forth in the county road law.

The trial court denied the motion based on its conclusion that *Streng* should be given prospective application given that for decades, parties and the courts had understood that the

-1-

requirements of the GTLA controlled. The trial court set forth its opinion from the bench, stating:

> From the Court's perspective, I find that the Supreme Court in *Rowland*[1] specifically indicated that the GTLA is the notice provision for which road commission cases are subject to being followed and it had done that consistent with a fairly significant long line of cases, two of which they overruled.
>
> However, it was consistent as to what was the proper statutory provision in the Court's perspective is that it was the application of that provision that was found to be inapplicable and, therefore, stricken by the Supreme Court in *Rowland*.
>
> So, therefore, the Court finds that the circumstances in this case are in compliance with the requirements of the GTLA. And, therefore, that it is— summary disposition on that basis is denied.
>
> However, I will also indicate if the analysis is, in fact, inaccurate and *Streng* was correctly decided . . . . I will find that based upon the criteria that was announced in *Bahutski*[2] [sic] as well as the other case that was cited in *Rowland* that it is, in fact, to be applied prospectively, because there had been no indication that the differentiation was appropriate to provide notice to claimants that were coming forward.
>
> And that it would—it would, in fact, result in manifest injustice to deny claims that had been in compliance with what had been agreed upon as the proper notice provision, but there was a change, from the Court's perspective, a change in the application of that interpretation by the Court of Appeals['] decision and that occurred after the notice had already been provided in this case.
>
> And, therefore, the Court's . . . opinion [is that] it does not prevent the application of the GTLA provision of 691.1404.

Defendant appeals the trial court's ruling arguing that plaintiff's failure to file a notice consistent with the requirements of the county road law mandates dismissal.

The question before us, therefore, is whether the decision in *Streng* should apply to all pending cases or only to those cases that arose after it was issued.

---

[1] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007).

[2] Apparently, the trial court was referring to *Pohutski v City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002).

## II. ANALYSIS

This case presents a highly unusual circumstance. The Legislature has enacted two inconsistent statutes governing pre-suit notice to road commissions. The GTLA requires that notice be provided within 120 days of the injury. MCL 224.21(3) in the county road law allows for a 60-day period. The statutes also vary somewhat as to the required content of the notice.

In 1970, the Michigan Supreme Court held that that application of the 60-day notice provision in MCL 224.21(3) violated due process as to an incapacitated individual. *Grubaugh v City of St. Johns*, 384 Mich 165; 180 NW2d 778 (1970). *Grubaugh* did not extend its conclusion to all claimants however, noting that that was a question for another day. In 1972, in *Reich v State Hwy Dep't*, 386 Mich 617, 623-624; 194 NW2d 700 (1972), abrogated by *Rowland v Washtenaw Co Rd Comm*, 477 Mich 222; 731 NW2d 41 (2007), the Supreme Court held that then-extant 60-day notice provision in MCL 691.1404 was unconstitutional on its face because it violated the equal protection clause by requiring that governmental tort-feasors be given notice where none is required for private tort-feasors.[3] *Reich* did not address MCL 224.31, but shortly after it was decided, we concluded in *Crook v Patterson*, 42 Mich App 241, 242; 201 NW2d 676 (1972), that the rationale in *Reich* applied to that statute as well, and struck down its notice requirement as unconstitutional. *Crook* was not appealed, and we can find no reported case thereafter, in which a court evaluated a claimant's notice of claim under MCL 224.21(3) until the decision in *Streng*.[4]

---

[3] The constitutionality of the GTLA notice provision was again addressed in *Hobbs v Mich State Hwy Dept*, 398 Mich 90; 247 NW2d 754 (1976). By the time that case was heard, the Legislature had amended MCL 691.1404 so as to provide for a 120-day notice period, and the Supreme Court in *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), had upheld a 120-day notice provision in a different statute. In *Hobbs*, 398 Mich at 96, the Supreme Court overruled *Reich*'s absolute bar on notice provisions and held that the 120-day notice provision was constitutional in cases where the government could show prejudice. In 1996, the Supreme Court decided *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215. In that case, the Supreme Court reiterated that the 120-day notice provision in the GTLA was constitutional so long as prejudice could be shown, but that the 60 day notice provision in MCL 224.21 was unconstitutional. *Brown*, 452 Mich at 363-364. Finally, in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 200-201; 731 NW2d 41 (2007), the Supreme Court overruled *Hobbs* and *Brown*, and held that the 120-day notice provision in the GTLA was constitutional and that no prejudice need be shown by the government when a claimant failed to satisfy it.

[4] *Rowland*, while overruling *Brown* and *Reich*, addressed only the GTLA notice provision holding and made no mention of MCL 224.21(3) or *Crook*. It considered only whether the plaintiff had complied with the 120-notice provision of the GTLA. With *Reich* overruled, *Crook's* holding striking down MCL 224.21(3) is without support and was implicitly overruled. However, it was not explicitly overruled, which may explain why until *Streng*, the notice requirement in MCL 224.21(3) remained dormant, if not dead, in the eyes of bench and bar.

Thus, *Crook—decided 46 years ago—*was the last time that the viability of the pre-suit notice provisions in MCL 224.21(3) was directly addressed. And since the *Crook* decision, our courts have routinely applied the 120-day notice requirement of the GTLA when the defendant is a county road commission without any discussion of MCL 224.21(3). See *Streng*, 315 Mich App at 460-461 n 4 (listing published and unpublished cases applying the GTLA's notice provision in actions against county road commissions). As was stated in *Streng*, 315 Mich App at 455, "appellate courts appear to have overlooked the time limit, substantive requirements, and service procedures required by MCL 224.21(3) when the responsible body is a county road commission."

Plaintiff asks that we reject *Streng* and request a conflict panel per MCR 7.215(J)(2). We need not do so however, because we can decide this case on other grounds. We conclude that *Streng* should be applied prospectively as it is at variance from what was understood to be the law for at least 40 years, and plaintiff's failure to comply with MCL 224.21(3) was the result of "the preexisting jumble of convoluted caselaw through which the plaintiff was forced to navigate." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590, n 65; 702 NW2d 539 (2005).

The rules governing retroactivity are found in *Pohutski v City of Allen Park*, 465 Mich 675, 695-696; 641 NW2d 219 (2002). In *Pohutski*, the Michigan Supreme Court acknowledged the general rule that judicial decisions are given full retroactive effect. *Id.* at 695. However, "a more flexible approach is warranted where injustice might result from full retroactivity." *Id.* at 696. Such injustice may result where a holding overrules settled precedent. *Id.* There are three factors to be weighed in determining whether retroactive application is appropriate:

> (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. In the context of civil context, . . . this Court . . . recognized an additional threshold question whether the decision clearly established a new principle of law. [*Pohuski*, 465 Mich at 696 (citations omitted).]

We conclude that *Streng* should be given prospective-only application and that therefore, the 120-day notice provision of MCL 691.1404(1) is applicable to this case. Because our Supreme Court in *Rowland* did not explicitly overrule binding precedent establishing the 120-day notice requirement of the GTLA, as the governing provision in actions against county road commission defendants, and no case has been decided based upon MCL 224.21(3) for at least 46 years, we conclude that *Streng* effectively established a new rule of law departing from the longstanding application of MCL 691.1401 by Michigan courts. See *Streng*, 315 Mich App at 463; *Bezeau v Palace Sports & Entertainment, Inc*, 487 Mich 455, 463; 795 NW2d 797 (2010).

Turning to the three-part test, we first consider the purpose of the *Streng* holding, which was to correct an apparent error in interpreting a provision of the GTLA. As noted in *Pohutski*, 465 Mich at 697, this purpose is served by prospective application as well as by retroactive application. Second, as previously discussed, there has been an extensive history of reliance on the 120-day GTLA notice provision, rather than MCL 224.21(3), in cases concerning county road commission defendants. The universal reliance on this many decade-long history also weighs in favor of prospective application. Moreover, prospective application would minimize the effect of this sudden departure from established precedent on the administration of justice.

Also relevant is the fact that the confusion concerning the law was not created by plaintiff, but rather, by the Legislature and the Judiciary. The Legislature adopted two different sets of conflicting requirements as to the timing and content of the pre-suit notice. And for decades, the Judiciary has decided many pre-suit notice cases based upon the requirements of the GTLA, with no reference to MCL 224.21(3). The role of the government in creating confusion concerning a legal standard weighs strongly against sanctioning a party for acting in good faith based upon the apparent law. For instance, in *Bryant v Oakpoint Villa Nursing Ctr*, 471 Mich 411, 417; 684 NW2d 864 (2004), plaintiff filed a suit against a health care provider sounding in ordinary negligence. The defendant argued that the two of plaintiff's claims sounded in medical malpractice, and so should be dismissed because although the action had been filed during the three-year limitation period for negligence cases, it had not been filed within the two-year limitation period for medical malpractice. *Id*. at 418. The Supreme Court concluded that the two counts in question sounded in medical malpractice and so "under ordinary circumstances . . . would be time-barred. Nevertheless, it did not dismiss them because "[t]he equities of [the] case . . . compel a different result." *Id*. at 432. The Court went on to state:

> The distinction between actions sounding in medical malpractice and those sounding in ordinary negligence is one that has troubled the bench and bar in Michigan, even in the wake of our opinion in *Dorris*.[5] Plaintiff's failure to comply with the applicable statute of limitations is the product of an understandable confusion about the legal nature of her claim, rather than a negligent failure to preserve her rights. Accordingly, for this case and others now pending—that involve similar procedural circumstances, we conclude that plaintiff's medical malpractice claims may proceed to trial along with plaintiff's ordinary negligence claim. MCR 7.316(A)(7). [*Bryant*, 471 Mich App at 432.]

There can be no doubt that the "procedural circumstances" in the instant case, are, as they were in *Bryant*, the result of "understandable confusion" resulting from conflicting actions by the Legislature and the courts. Accordingly, like the Supreme Court in *Bryant*, 471 Mich at 432, we conclude that "plaintiff's . . . claims may proceed to trial." As discussed above, for decades, the Judiciary applied the 120-day notice provision of MCL 691.1404(1) in actions against county road commission defendants. See *Streng*, 315 Mich App at 460 n 3. Plaintiff filed his pre-suit notice on August 15, 2013, more than two years and nine months before *Streng* was decided.

Because we conclude that *Streng* applies only to actions arising on or after May 2, 2016, we affirm the trial court's denial of defendant's motion for summary disposition. As the prevailing party, plaintiff may tax costs under MCR 7.219.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly

---

[5] *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26; 594 NW2d 455 (1999).