*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AES MANAGEMENT, INC.,

Plaintiff-Appellant,

v

KECKES SILVER & GADD, PC., and
LAWRENCE S. GADD,

Defendants-Appellees.

UNPUBLISHED
February 6, 2020

No. 346160
Macomb Circuit Court
LC No. 2018-001589-NM

Before: BECKERING, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

In this legal malpractice case, plaintiff, AES Management, Inc., appeals as of right the order granting summary disposition to defendants Keckes Silver & Gadd, P.C., and Lawrence S. Gadd, pursuant to MCR 2.116(C)(8) (failure to state a claim). Because plaintiff's complaint is legally sufficient, summary disposition pursuant to MCR 2.116(C)(8) was improper. Therefore, we reverse the trial court's order and remand the matter for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

The alleged malpractice arises from defendants' handling of plaintiff's opportunity to appeal in this Court. Plaintiff is a "professional employer organization," an entity that contracts with a client-entity to take over all or substantially all the client-entity's human resources tasks. Plaintiff manages approximately seventeen affiliates that perform functions like those performed by plaintiff. In August 2005, the Michigan Unemployment Insurance Agency ("UIA") determined that plaintiff owed approximately $1.8 million in unpaid unemployment taxes from 2002 to 2005. The UIA determined that plaintiff and its affiliates, referred to collectively as the AES entities, had intentionally avoided paying approximately $1.8 million in unemployment taxes from 2002 to 2005 by creating the affiliates in order to take advantage of the lower unemployment tax rates enjoyed by newer entities before the entity's unemployment benefit history is factored into and affects the tax rate; a practice referred to as "payrolling." The UIA further determined that the AES entities had made material misrepresentations to the UIA. In consequence thereof, the UIA determined that plaintiff was subject to statutory damages pursuant to the Michigan Employment

-1-

Security Act [MESA], MCL 421.1 *et seq.*, amounting to four times the amount of unpaid unemployment taxes. According to the UIA, plaintiff owed a total of approximately $10 million.

Plaintiff protested the UIA's determination. Subsequently, the UIA issued a redetermination that affirmed its August 2005 determination and identified the original liable employer as Administrative Employment Services, Inc., plaintiff's predecessor corporation. When plaintiff protested the redetermination, the UIA referred the matter to the Michigan Administrative Hearings System for a hearing before an administrative law judge ("ALJ"). In 2009, the ALJ issued a decision reversing the UIA's determination in its entirety, finding that UIA had not established that plaintiff had acted fraudulently or engaged in payrolling. The UIA appealed the ALJ's decision to the Michigan Compensation Appellate Commission (MCAC).

In or around May 2014, plaintiff retained defendants to represent it in the unemployment taxes matter. In September 2014, the MCAC issued a decision modifying the ALJ decision. The MCAC agreed with the ALJ that plaintiff had not committed fraud and, consequently, was not subject to damages provided for by the MESA. However, the MCAC concluded that plaintiff had engaged in payrolling and found that the AES entities should be consolidated for purposes of unemployment tax contributions because they were being operated by plaintiff as one business. The MCAC further found that the UIA was not statutorily barred from consolidating the entities for unemployment tax purposes. The MCAC's decision reinstated plaintiff's nearly $1.8 million unemployment tax liability. In October 2014, defendants acted on behalf of plaintiff to appeal the MCAC decision in the Macomb County Circuit Court. On April 17, 2015, the circuit court issued an opinion and order affirming the MCAC's decision.

It is undisputed that defendants did not inform plaintiff of the circuit court's opinion and order until sending it to plaintiff on January 15, 2016, nine months after its issuance. There followed a relative flurry of activity directed toward obtaining appellate review of the circuit court's order. In February 2016, plaintiff hired different counsel to file an emergency motion for leave to file a delayed motion for reconsideration in the circuit court. The court granted the motion, but ultimately affirmed its April 2015 order. In June 2016, defendants filed on plaintiff's behalf a delayed application for leave to appeal in this Court, which this Court denied for lack of jurisdiction.[1] This Court subsequently denied plaintiff's motion for reconsideration.[2] Plaintiff then filed two petitions for leave to appeal this Court's orders in Michigan's Supreme Court, both of which the Supreme Court denied.[3]

---

[1] *AES Mgt Inc v Consumer & Indus Servs*, unpublished order of the Court of Appeals, entered August 2, 2016 (Docket No. 333597). Consumer & Industry Services is a department of the UIA.

[2] *AES Mgt Inc v Consumer & Indus Servs*, unpublished order of the Court of Appeals, entered September 7, 2016 (Docket No. 333597).

[3] *AES Mgt Inc v Dep't of Consumer & Indus Servs, Unemployment Ins Agency*, 500 Mich 960 (No. 154585; Court of Appeals No. 333597); *AES Mgt Inc v Dep't of Consumer & Indus Servs, Unemployment Ins Agency*, 500 Mich 960 (No. 154587; Court of Appeals No. 334382).

On September 26, 2017, plaintiff filed the complaint initiating the legal malpractice action at issue in this appeal. In order to avoid repetition, we address the details of plaintiff's complaint in the discussion section below. In May 2018, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8), claiming that plaintiff did not plead in its complaint that the issues it would have raised on appeal in the underlying action were of sufficient public importance, or that the circuit court's errors were so readily apparent and significant, that this Court would have granted leave. Defendants further argued that plaintiff could not meet this standard because the issues involved in the unemployment taxes matter pertained to plaintiff's unique business structure and operation, and that the Michigan Supreme Court's denial of its applications for leave to appeal this Court's orders showed that the errors alleged were neither readily apparent nor significant. Without establishing that this Court would have granted a timely filed application for leave, argued defendants, plaintiff could not prevail in its legal malpractice claim because it could not prove causation. For these reasons, defendants maintained, the circuit court should grant their motion for summary disposition.[4]

Rejecting the legal standard championed by defendants, plaintiff argued that because it can demonstrate that the circuit court in the underlying action clearly erred by affirming the MCAC decision, this Court would have granted a timely filed application for leave to appeal and would have reversed the circuit court's order.

In July 2018, the circuit court in the instant case ordered additional briefing on (1) the proper standard for the circuit court to use in determining whether this Court would have granted a timely filed application for leave to appeal, and (2) whether this Court would have decided the underlying tax issues in plaintiff's favor. In the same order, the court denied defendant's motion for summary disposition without prejudice, and granted defendants' alternative request for a bifurcated process: the court would first address whether this Court would have granted a timely filed application for leave to appeal and, if the circuit court answered this question affirmatively, it would then consider whether plaintiff would have prevailed in this Court.

After further briefing by the parties, the circuit court adopted the standard recommended by defendants to decide whether this Court would have granted a timely filed application for leave to appeal, as well as defendants' reasoning. Concluding that it was not convinced the matter involved issues of sufficient public importance because they pertained to plaintiff's unique business structure, or that the alleged errors in the April 2015 opinion and order were readily apparent or significant, the circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). This appeal followed.

---

[4] Alternatively, defendants asked the court to bifurcate the proceeding, wherein the court would decide if this Court would have granted leave, and if so, whether this Court would have reversed the MCAC's decision. If the circuit court determined that this Court would have reversed the MCAC's decision, discovery could then proceed with respect the elements of breach of duty and damages.

II. ANALYSIS

Plaintiff first argues that the trial court erred by granting defendants' motion for summary disposition because its complaint was legally sufficient. We agree. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013).

The circuit court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) (opposing party failed to state a claim). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone, *id*., and the motion may not be supported with documentary evidence, *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 305; 788 NW2d 684 (2005). When considering a motion under (C)(8), a circuit court "must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action. *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). A motion under MCR 2.116(C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012).

The plaintiff in a legal malpractice action has the burden of proving: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993). To establish proximate cause in a legal malpractice action, a plaintiff must show that, but for the attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit. *Manzo v Petrella*, 261 Mich App 705, 712; 683 NW2d 699 (2004).

Plaintiff's complaint meets the criteria set forth in *Coleman*, 443 Mich at 63. Plaintiff alleged the existence of an attorney-client relationship, claiming that it had hired defendants to represent it in the underlying agency matter in or around May 2014, and that defendants represented it through at least December 2016. Plaintiff recounted that defendants represented plaintiff in its appeal of the MCAC's decision in the circuit court, arguing on plaintiff's behalf that the UIA had not established payrolling, that the UIA annual rate determinations were final because there was no finding of fraud on behalf of plaintiff or its affiliates, and that the UIA did not have the authority to consolidate the AES entities.

Plaintiff also alleged that defendants had been negligent in their legal representation. Plaintiff asserted that the circuit court issued an opinion and order affirming the MCAC's decision on April 17, 2015, but defendants took no action to monitor the status of the appeal and did not inform plaintiff of the circuit court's decision until January 2016. By that time, plaintiff was unable to obtain discretionary appeal in this Court, and Michigan's Supreme Court denied its petitions for leave to appeal. Plaintiff alleged that defendants committed legal malpractice by, among other things, neglecting to monitor plaintiff's appeal of the MCAC decision in the circuit court, failing to understand the time limits for further appellate proceedings, and neglecting to file a timely application for leave to appeal the circuit court's April 2015 order.

Finally, plaintiff pleaded proximate cause and damages, asserting that, but for defendants' legal malpractice, it would have successfully appealed the circuit court's April 2015 order and avoided the $1.8 million tax liability, as well as legal costs and fees incurred in the various futile efforts at appeal. The tax liability and the legal costs and fees incurred were the direct and proximate result of defendants' legal malpractice.

As the foregoing analysis shows, plaintiff's complaint was legally sufficient because it adequately pleaded all of the elements necessary to prevail in a legal malpractice claim. Accordingly, the circuit court erred by granting defendants' motion pursuant to MCR 2.116(C)(8). Although defendants brought their motion for summary disposition under MCR 2.116(C)(8), they asserted that they were entitled to summary disposition because plaintiff "cannot establish an essential element of its legal malpractice claim" Whether a plaintiff can establish the elements of his or her claim is an evidentiary issue, not a pleading requirement. In the present case, plaintiff has pleaded a claim of legal malpractice. Whether it can *prove* the elements of that claim is another matter and not a proper ground for the circuit court to grant a motion for summary disposition brought under MCR 2.116(C)(8). See *El-Khalil*, 504 Mich at 162 (holding that this Court went beyond the scope of appropriate review when it affirmed the circuit court's grant of a (C)(8) motion for summary disposition on the ground that the plaintiff had not presented evidence of a causal connection between the alleged wrong and the alleged harm).

However, even if defendants had made their proximate-cause argument in a motion for summary disposition brought under MCR 2.116(C)(10), it still would have been error to grant their motion. Defendants rely on *Charles Reinhart Co v Winiemko*, 444 Mich 579, 587 n 15; 513 NW2d 773 (1994) (lead opinion by RILEY, J.) to contend that, in order to obtain discretionary review by this Court, plaintiff had to prove that the issues involved were of sufficient public importance or that the circuit court's errors were readily apparent and significant. *Charles Reinhart Co* involved a claim of legal malpractice predicated on the defendant-attorney's handling of the plaintiff's appeal. The issue before the Supreme Court was *who* determines whether a plaintiff's appeal in this Court would have succeeded, but for the legal malpractice: the court or the jury. *Charles Reinhart Co*, 444 Mich at 582. The footnote upon which defendants rely indicates that the plaintiff's ability to show that an appellate court would have addressed the issue underlying the plaintiff's legal malpractice claim is essential to a proximate cause determination in a legal malpractice suit. This involves showing that an appellate court "would have had jurisdiction to hear the appeal, that the appellate court would have granted review when review is discretionary, and that the trial court's judgment would have been modified on review." *Id.* at 587, n 15, quoting *Comment, Attorney Malpractice: Problems associated with failure-to-appeal cases*, 31 Buffalo LR 583, 589 (1982). The footnote then quotes another secondary source, 2 Mallen & Smith, Legal Malpractice (3rd ed), § 24.39, p 538, which states:

> If the appellate court does not grant review as a matter of right but only upon petition, the plaintiff must persuade the circuit judge that the issue involved was of sufficient public importance or that the error was so apparent and significant that the appellate court would have granted a hearing.

Defendants acknowledge that the standard set forth in the footnote applies to the Michigan Supreme Court, and that the content of the footnote upon which they rely was not essential to the resolution of the issue before the Court. Nevertheless, defendants insist that the footnote is not

mere dictum and that it binds this Court because "it was germane to whether the legal malpractice plaintiff would have prevailed in the underlying appellate malpractice matter." Contrary to defendants' argument, however, the content of the Mallen & Smith quotation is nonbinding dictum for the very reason stated by defendants: it was unnecessary to the decision in the case, even if it was "germane." Therefore, regardless of its relevance, the statement is obiter dictum,[5] and as such, it does not bind this Court to the standard quoted. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 751 NW2d 8 (2008).

Moreover, as defendants point out, the standard they derive from the footnote at issue applies to Michigan's Supreme Court. To the extent defendants invite this Court to adopt criteria applicable to our Supreme Court's consideration of whether to grant a petition for leave to appeal, we decline to do so. To obtain discretionary review by the Michigan Supreme Court, a petition for leave to appeal must show at least one of several specific grounds for granting the application. See MCR 7.305(B). However, neither Michigan's court rules nor published caselaw expressly sets forth any specific criteria used by this Court to determine whether to grant an application for leave to appeal. Instead, the court rules provide that once the applicant has complied with the "manner of filing" set forth in MCR 7.205(B) and the content requirements of MCR 7.212(C), and the time for a response has passed, this Court may grant or deny the application, or take other appropriate action as set forth in MCR 7.205(E). In its role as an error-correcting Court, *People v Woolfolk*, 304 Mich App 450, 475; 848 NW2d 169 (2014), this Court grants leave more freely and more broadly than does our Supreme Court. Thus, to establish that this Court would have granted a timely filed application for leave to appeal, a plaintiff does not have to establish that its issues are of sufficient public importance or that the court's errors were readily apparent and significant. Rather, a plaintiff must establish that its issues and claims of error merit review. In the present case, plaintiff could make this showing by demonstrating that that the circuit court erred by affirming a decision of the MCAC that did not comply with the law, or was not based on competent, material, and substantial evidence on the whole record. See *Bandeen v Pub Sch Employees Retirement Bd*, 282 Mich App 509, 514; 766 NW2d 10 (2009).

Because plaintiff's complaint was legally sufficient, the circuit court clearly erred by granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). Whether plaintiff could prove all the elements properly alleged was a different matter. See *El-Khalil*, 504 Mich at 162. Even if defendants had made their proximate cause argument in a (C)(10) motion for summary disposition, the court still erred by adopting and applying the incorrect standard when determining whether this Court would have granted plaintiff's application for leave to appeal.

Plaintiff next contends that the trial court erred by not granting it partial summary disposition pursuant to MCR 2.116(I)(2) on the issue of whether the circuit court's decision in the underlying action, affirming the MCAC's decision, was clearly erroneous.

---

[5] See *Black's Law Dictionary* (11th ed) (defining obiter dictum as "[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)."

MCR 2.116(I)(2) specifically authorizes the court to grant summary disposition in favor of the party opposing a summary disposition motion if it appears to the court that the opposing party is entitled to judgment, rather than the moving party. Typically, the request for summary disposition pursuant to MCR 2.116(I)(2) is made in the context of a pending motion for summary disposition brought under MCR 2.116(C)(10). Summary disposition pursuant to MCR 2.116(I)(2) is appropriate "[i]f, after careful review of the evidence, it appears to the trial court that there are no genuine issues of material fact and the opposing party is entitled to judgment as a matter of law[.]" *Lockwood v Twp of Ellington*, 323 Mich App 392, 401; 917 NW2d 413 (2018). In the present case, defendants did not seek summary disposition under MCR 2.116(C)(10), nor did plaintiff file a cross-motion for summary disposition under that court rule. Thus, there was no reason for the court to look outside the pleadings to resolve the pending motion. In addition, the record does not support plaintiff's assertion that factual issues relevant to its case-within-a-case, such as whether the UIA proved that it engaged in payrolling, are undisputed.[6]

Moreover, by granting defendants' motion for bifurcation in its July 2018 order, the court signaled that it would only consider the merits of plaintiff's position in the underlying case if it denied defendants' motion for summary disposition based on whether this Court would have granted leave. Because the court concluded that this Court would not have granted leave, a finding that plaintiff's case had merit would have been contradictory to its own order. Although the circuit court seemed to muddy the waters by asking the parties to brief the issue of whether this Court would have reversed the circuit court's April 2005 order, that request did not obligate the court to look beyond the pleadings to resolve defendants' pending (C)(8) motion. Given the procedural posture of this case and our decision in this appeal, we decline to address a key issue reserved by the circuit court for later consideration.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens

---

[6] Plaintiff's assertion that certain facts about the UIA matter are undisputed may refer to the position taken by defendants when representing plaintiff in the unemployment tax matter. For example, defendants argued on plaintiff's behalf that the UIA had failed to establish payrolling and that consolidation of the AES entities was improper. Competent attorneys may take positions in legal malpractice cases different from the ones they pursued in the case giving rise to the legal malpractice claim. In other words, an attorney who argued in one court that an appeal had merit may argue in defense of a legal malpractice case that the same appeal lacked merit. See *Charles Reinhart Co*, 444 Mich at 587 n 16. Such is the case here. Defendants are not bound to the arguments they advanced in the circuit court on plaintiff's behalf during the UIA matter. Thus, the issues plaintiff characterizes as undisputed are very much disputed.