*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MERIDIAN CONTRACTING SERVICES, LLC,

        Plaintiff-Appellant,

v

MICHIGAN OCCUPATIONAL SAFETY AND
HEALTH ADMINISTRATION,

        Defendant-Appellee.

UNPUBLISHED
May 12, 2025
9:37 AM

No. 369288
Alpena Circuit Court
LC No. 23-002293-AA

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

This case comes to the Court as yet another challenge to the state's response to the COVID-19 pandemic. In this action for mandamus and declaratory relief, plaintiff Meridian Contracting Services, LLC, appeals by right the trial court's order granting summary disposition in favor of defendant Michigan Occupational Safety and Health Administration under MCR 2.116(C)(4) for want of subject-matter jurisdiction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a commercial construction and remodeling company. In January 2021, defendant conducted an inspection of a jobsite and determined that plaintiff was in violation of certain emergency COVID-19 rules then in effect. Specifically, plaintiff did not have an adequate COVID-19 preparedness-and-response plan in place nor did it require its employees to wear masks when working within six feet of each other. On March 1, 2021, defendant issued plaintiff citations for the violations and imposed a $1,000 fine.

Plaintiff filed a petition with defendant to dismiss or modify the citations, but defendant reaffirmed its decision. Plaintiff filed a second appeal, and defendant referred the matter to the Michigan Office of Administrative Hearings and Rules ("MOAHR"). During the MOAHR proceedings, defendant sought to exclude any evidence or argument challenging the effectiveness of face coverings as a means to prevent the spread of COVID-19 or the constitutionality of the emergency rules. The administrative law judge (ALJ) granted the motion, concluding that evidence regarding the effectiveness of a safety standard was not relevant to whether the citations should be upheld, and because MOAHR, an administrative tribunal,

-1-

did not have the authority to declare unconstitutional or otherwise invalidate the emergency rules at issue. In the ALJ's subsequent report, it found that plaintiff failed to comply with the COVID-19 rules, that plaintiff had actual knowledge that it was violating the rules, and that plaintiff's violations were "serious."

The ALJ provided written notice to plaintiff of the appeal procedure, and the 20-day exception period provided for in Mich Admin Code, R 408.21432(4) passed without plaintiff filing any exceptions. Plaintiff filed an appeal in the circuit court, claiming that defendant circumvented the rule making process and that plaintiff was denied the right to mount a defense because the ALJ precluded it from introducing evidence challenging the effectiveness and constitutionality of the emergency COVID-19 rules. After plaintiff filed its appeal, the Board of Health and Safety Compliance and Appeals ("Board") issued notice that the ALJ's report "became a final order of the Board on December 19, 2022." The notice informed plaintiff that it could seek judicial review of the Board's decision.

In 2023, defendant moved the circuit court to dismiss plaintiff's appeal for want of jurisdiction. Defendant maintained that the circuit court's appellate jurisdiction was limited to an appeal from a final agency order or decision and plaintiff claimed its appeal from the ALJ's October 20, 2022 nonfinal decision, three days before December 19, 2022, the date that the ALJ's report became a final, appealable order of the Board. The circuit court agreed and dismissed plaintiff's appeal for lack of jurisdiction. Plaintiff sought leave to appeal the circuit court's order with this Court, which was denied "for lack of merit in the grounds presented." *Meridian Contracting Servs, LLC v Mich Occupational Safety & Health Admin*, unpublished order of the Court of Appeals, entered April 15, 2024 (Docket No. 367610).

While the appeal was pending, plaintiff filed a complaint for mandamus and declaratory relief initiating this case in the circuit court, seeking to compel defendant to file the ALJ's opinion and order granting defendant's motion in limine with the Board. Defendant moved for summary disposition under MCR 2.116(C)(4) on the basis that under MCL 600.6419(1)(a), the Court of Claims had exclusive jurisdiction over plaintiff's claims for mandamus and declaratory relief against defendant, a state agency. The circuit court agreed, concluding that plaintiff's action against defendant for mandamus and declaratory relief was an original action and not an appeal of an agency determination and, therefore, jurisdiction over those claims lay exclusively in the Court of Claims under MCL 600.6419(1)(a), not the circuit court. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maple Manor Rehab Ctr, LLC, v Dep't of Treasury*, 333 Mich App 154, 162; 958 NW2d 894 (2020). "MCR 2.116(C)(4) permits a trial court to dismiss a complaint when the court lacks jurisdiction of the subject matter." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017) (quotation marks, citations, and brackets omitted). "[W]hen reviewing a motion for summary disposition . . . that asserts the court lacks subject-matter jurisdiction, the court must determine whether the pleadings demonstrate that the defendant is entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Id.* " A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Id.*

Questions of statutory interpretation are also reviewed de novo. *Bandeen v Pub Sch Employees Retirement Bd*, 282 Mich App 509, 514; 766 NW2d 10 (2009). "[I]n interpreting . . . statutory provisions,

the primary duty of the judiciary is to ascertain the purpose and intent of the provision at issue." *Rusha v Dep't of Corrections*, 307 Mich App 300, 304; 859 NW2d 735 (2014). When a "statutory provision contains clear and unambiguous language it is not open to judicial construction and effect is given to the plain meaning of the words used." *Id.*

## III. ANALYSIS

Plaintiff argues that the circuit court erred when it concluded that the Court of Claims had exclusive jurisdiction over its claims for mandamus and declaratory relief against defendant. We disagree.

"Generally, subject-matter jurisdiction is defined as a court's power to hear and determine a cause or matter. More specifically, subject-matter jurisdiction is the deciding body's authority to try a case of the kind or character pending before it, regardless of the particular facts of the case." *O'Connell v Dir of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016) (quotation marks and citation omitted). "The circuit courts of this state are courts of general jurisdiction, with 'original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.' " *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 334; 901 NW2d 566 (2017), quoting MCL 600.605. "Thus, the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *O'Connell*, 316 Mich App at 101 (quotation marks and citation omitted).

"An exception to the general jurisdiction of the circuit court exists when the Court of Claims is given exclusive jurisdiction." *Prime Time Int'l Distrib, Inc v Dep't of Treasury*, 322 Mich App 46, 52-53; 910 NW2d 683 (2017). "The Legislature created the Court of Claims, and thus that tribunal has limited powers with explicit limits on the scope of its subject-matter jurisdiction." *Id*. at 53 (quotation marks and citation omitted). Aside from exceptions not applicable here, "the jurisdiction of the court of claims . . . is exclusive." MCL 600.6419(1). Specifically, the Court of Claims has jurisdiction

> [t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court. [MCL 600.6419(1)(a).]

However, MCL 600.6419(5) states that the Court of Claims "does not deprive the circuit court of exclusive jurisdiction over appeals from the district court and administrative agencies as authorized by law."

Plaintiff contends that jurisdiction over its claim for a writ of mandamus is proper in the circuit court because MCL 600.6419(1)(a) does not explicitly list mandamus as one of the claims over which the Court of Claims has exclusive jurisdiction. We disagree.

"The existence of subject matter jurisdiction turns not on the particular facts of the matter before the court, but on its general legal classification." *Winkler*, 500 Mich at 341. It is well established that a writ of mandamus is proper only when

(1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion or judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result. [*Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 160 n 5; 14 NW3d 441 (2023) (quotation marks and citation omitted).]

Mandamus is an extraordinary writ. *O'Connell*, 316 Mich App at 100 ("Mandamus is properly categorized as both an extraordinary and a prerogative writ.") (quotation marks and citation omitted). Although MCL 600.6419(1)(a) does not explicitly list "mandamus" in the class or category of claims over which the Court of Claims has exclusive jurisdiction, a petition for mandamus against a state agency, as an extraordinary writ, falls within that class. See *O'Connell*, 316 Mich App at 103-106. Thus, because plaintiff's action sought a writ of mandamus to compel defendant, a state agency, to file the order and opinion of the ALJ with the Board, the action fell squarely in the class of cases over which MCL 600.6419(1)(a) grants the Court of Claims' exclusive jurisdiction.

Plaintiff also argues that the circuit court had subject-matter jurisdiction over its claim for mandamus because it was appealing a decision of an administrative agency and, under MCL 600.6419(5), the circuit court is not deprived of its exclusive jurisdiction over such appeals. We disagree.

Although MCL 600.6419(1)(a) "generally vests the Court of Claims with exclusive jurisdiction over claims against the state or any of its departments," *Prime Time*, 322 Mich App at 55, the circuit court retains exclusive jurisdiction to hear and decide appeals from administrative agencies under MCL 600.6419(5). Thus, if MCL 600.6419(5) applies, the circuit court, not the Court of Claims, has jurisdiction over plaintiff's action.

Plaintiff's action for declaratory and mandamus relief against defendant, however, was not an appeal from an administrative agency over which the circuit court retains jurisdiction under MCL 600.6419(5).

The Supreme Court has defined "appeal" as "the removal of a matter or cause from an inferior to a superior court for the purpose of reviewing, correcting, or reversing the judgment or sentence of the inferior tribunal," and has further stated that, "in its technical and appropriate sense," an appeal is "the taking of a suit or cause and its final determination from one court or jurisdiction after final judgment to another." [A dictionary] defines "appeal" as "a legal proceeding by which a case is brought before a higher court for review of the decision of a lower court." [*Prime Time*, 322 Mich App at 59, quoting *In re Mfr Freight Forwarding Co*, 294 Mich 57, 70; 292 NW 678 (1940); *Merriam-Webster's Collegiate Dictionary* (11th ed.).]

Plaintiff's action for mandamus or declaratory relief to compel defendant to file the ALJ's opinion and order with the Board clearly does not fall within these definitions of "appeal." Although plaintiff's action involved facts relating to the administrative review of its defendant's citations, plaintiff did not seek judicial review of the Board's final order or decision in this action. Instead, plaintiff's complaint can be fairly classified only as an original action for declaratory relief and a writ of mandamus. Indeed, plaintiff sought mandamus to force defendant to file the order on the motion in limine with the Board,

contending that such action would enable—but not itself constitute—an appeal by right. Therefore, the retention of the circuit court's exclusive jurisdiction over appeals from an administrative agency under MCL 600.6419(5) does not apply.

Plaintiff also relies on MCL 600.4401(1), which provides that "[a]n action for mandamus against a state officer shall be commenced in the court of appeals, or in the circuit court in the county in which venue is proper . . . ." In *O'Connell*, 316 Mich App at 108-109, this Court addressed the apparent tension between MCL 600.4401(1) and MCL 600.6419(1), and held that MCL 600.6419(1) confers exclusive jurisdiction over a mandamus claim brought against a state defendant in the Court of Claims:

> In 2013 PA 164, the Legislature expanded the Court of Claims's jurisdiction to encompass original jurisdiction of "any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court." In doing so, the Legislature shifted power and jurisdiction over mandamus claims against state defendants that had previously been within the circuit court's jurisdiction under MCL 600.4401(1). . . .
>
> Our interpretation of § 6419 is consistent with the need to harmonize it with MCL 600.4401(1) under the doctrine of *in pari materia*. The two statutes clearly conflict. But the plain language of § 6419(1)(a) specifically addresses the question of precedence, stating that its grant of exclusive jurisdiction is effective "notwithstanding another law that confers jurisdiction of the case in the circuit court." Such language "expresses a sufficiently clear intent" that, to the extent that § 6419 and MCL 600.4401(1) conflict, the Legislature intended § 6419 to supersede MCL 600.4401(1). [Quotation marks, citation, and alteration brackets omitted.]

Accordingly, under *O'Connell*, plaintiff's action for a writ of mandamus against defendant fell within the exclusive jurisdiction of the Court of Claims under MCL 600.6419(1)(a), not the circuit court under MCL 600.4401(1). And because the circuit court properly dismissed the complaint on jurisdictional grounds, we decline to address defendant's arguments advancing its alternative grounds for affirmance of the dismissal order. See *McCleese v Todd*, 232 Mich App 623, 628; 591 NW2d 375 (1998) ("When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void.").

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello